In the Matter of the Application of THE CITY OF ROCHESTER, Respondent, to Acquire Certain Lands in the Town of Brighton.

EDNA C. COBB, Appellant.

ROCHESTER (CITY OF) — CONDEMNATION OF LAND FOR MUNICIPAL PURPOSES — WHEN PROPERTY OWNER WHO HAS ACCEPTED AWARD AND CONVEYED THE PREMISES MAY THEREAFTER RECOVER THE COSTS OF THE PROCEEDING. The statute entitled, "An act for the government of cities of the second class" (L. 1898, ch. 182, § 149, as amd. by L. 1899, ch. 581, § 16), provides that whenever any real estate shall be required for any municipal purpose it may be acquired "by condemnation proceedings conducted under the laws prescribing the method of procedure of acquiring title to real estate by the right of eminent domain in force in the several cities respectively at the time of the taking effect of this act:" and, where the charter in force in the city of Rochester at that time (L. 1880, ch. 14, as amd. by L. 1897, ch. 784), provided in section 162 that

title to lands, waters and property might be acquired by that city in the manner prescribed by the Condemnation Law (Code Civ. Pro. §§ 3357–3384), a property owner whose lands have been condemned in a proceeding instituted by the city under that law and who has accepted the award made therein and conveyed the land to the city upon the payment of the award, but reserving all rights as to costs and allowances, is entitled, under section 3372, to recover from the city the costs of the proceeding to be taxed as therein provided.

*Matter of City of Rochester*, 97 App. Div. 642, reversed.

(Argued April 12, 1905; decided April 25, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 18, 1904, which affirmed an order of the Monroe County Court denying a motion of the appellant herein for costs and an extra allowance.

The following questions were certified :'

"*First.* Do sections 172 to 197, inclusive, of the old charter of the city of Rochester, as amended by chapter 190 of the Laws of 1892, furnish a distinct, complete practice, by which the city of Rochester may acquire lands outside its territorial limits for water works purposes?

"*Second.* In proceedings by the city of Rochester to acquire lands outside its territorial limits for water works purposes, as in this proceeding, are the General Condemnation Law (Chapter 23 of the Code of Civil Procedure) and Sections 172 to 197 of the old charter of the city of Rochester, above referred to, to be read together, to furnish the method of procedure?

"*Third.* In proceedings by the city of Rochester to acquire lands outside its territorial limits for water works purposes, as in this proceeding, does the General Condemnation Law furnish the sole method of procedure?

"*Fourth.* Does section 3372 of the Code of Civil Procedure apply to this proceeding, and is the appellant entitled to the benefit of its provisions?

"*Fifth.* If section 3372 does not apply to this proceeding, then is this a special proceeding, within the meaning of sec-

tion 3240 of the Code of Civil Procedure, and may the court exercise its discretion as to the allowance of costs, as provided by that section?"

The facts, so far as material, are stated in the opinion.

. *William F. Lynn* for appellant. The fourth question, " Does section 3372 of the Code of Civil Procedure apply to this proceeding, and is the appellant entitled to the benefit of its provisions?" should be answered in the affirmative. (*Matter of City of Brooklyn*, 148 N. Y. 107; *Matter of Grade Crossing Comrs.*, 20 App. Div. 271; *United States* v. *Engeman*, 46 Fed. Rep. 898; 27 Abb. [N. C.] 141; *Theim* v. *Madden*, 27 Hun, 371; *Simmons* v. *Simmons*, 32 Hun, 551; *Day* v. *S. Ins. Co.*, 40 App. Div. 305.)

*W. W. Webb, Corporation Counsel* (*Chester F. Kiehel* of counsel), for respondent. The city charter, under which this proceeding was brought for condemnation of lands for municipal purposes, does not make any provision for costs and no costs could be allowed appellant. (*Matter of City of Brooklyn*, 148 N. Y. 107; *Matter of Holden*, 126 N. Y. 589; *Matter of Grade Crossing Comrs.*, 20 App. Div. 271.) No additional allowance can be made in a special proceeding. (*R. & S. R. R. Co.* v. *Davis*, 55 N. Y. 145; *Matter of City of Brooklyn*, 126 N. Y. 589; *Matter of Grade Crossing Comrs.*, 20 App. Div. 271; *Matter of Simpson*, 26 Hun, 459; Milliman on Costs, § 313; *Matter of Holden*, 126 N. Y. 589; *Matter of City of Brooklyn*, 148 N. Y. 107; *Matter of Grade Crossing Comrs.*, 17 App. Div. 54; *Schneider* v. *City of Rochester*, 50 App. Div. 22.)

BARTLETT, J. This proceeding was instituted by the city of Rochester to acquire certain lands owned by Edna C. Cobb in the town of Brighton, county of Monroe, for water-works purposes. On November 11th, 1902, the common council adopted an ordinance declaring that public necessity required certain lands for additional reservoir purposes, and

authorized its commissioner of public works to "acquire said lands by gift or by purchase at a price approved by the board of estimate and apportionment or by condemnation proceedings conducted under the laws prescribing the method of procedure of acquiring title to real estate by the right of eminent domain *in force in this city.*" The result was that after taking certain intervening steps, on or about March 2nd, 1903, an application was made to the County Court of Monroe county for the appointment of commissioners of appraisal. An order was thereupon made appointing commissioners, who finally reported, awarding to Edna C. Cobb for her interest in the lands condemned the sum of seventy-six thousand dollars, who accepted the award and conveyed the premises to the city of Rochester on receiving payment for the same, and reserving her rights as to costs and an allowance.

In February, 1904, Edna C. Cobb moved the County Court for an order granting her costs and an allowance, which was denied for lack of power, and the Appellate Division affirmed the order. Application was then made for leave to appeal to this court, which was granted, and five questions were certified for answer.

On the 1st day of January, 1900, chapter 182 of the Laws of 1898, as amended by Laws of 1899, chapter 581, section 16, entitled "An act for the government of cities of the second class," familiarly known as the "White Charter," took effect as to the city of Rochester. Section 149 of this act provides: "Whenever the common council shall direct the opening and laying out of a new street, or the alteration of an existing street, or whenever any real estate or interest therein shall be required for any municipal purpose whatever the commissioner of public works may acquire for the city the necessary land and real estate by gift or by purchase at a price approved by the board of estimate and apportionment or by condemnation proceedings conducted under the laws prescribing the method of procedure of acquiring title to real estate by the right of eminent domain in force in the several cities respectively at the time of taking effect of this act."

At this time the laws prescribing the method of procedure of acquiring title to real estate by the right of eminent domain, in force in the city of Rochester, were to be found in the existing charter, as amended by chapter 784 of the Laws of 1897, which dealt with section 162, providing when the city may acquire property for water works. The portion of that section material at this time reads as follows: "In case the city of Rochester is unable to obtain by purchase the title to any lands, waters, lakes, springs, ponds, or streams, or any easements in, or right of temporary occupation of such lands, waters, lakes, springs, ponds or streams, which may be necessary for the use of the water works of said city, or of dumping rubbish and dirt, the executive board of said city shall be and hereby is authorized, by and with the consent of the common council, to proceed to acquire such title or other rights in and to such lands, waters and property, for and in behalf of said city, in the manner prescribed by the Condemnation Law, as heretofore amended, except as may be otherwise provided by law, and for that purpose all the provisions of the last-mentioned act, and the acts amendatory thereof, are hereby made applicable to proceedings under this act."

Prior to this amendment of 1897 the charter of the city of Rochester provided for proceedings to acquire lands for improvements, being section 173 to section 197, both inclusive. This charter scheme contained no provision for the payment of costs and an allowance to counsel. It has been a question upon which the lower courts have divided in opinion, whether, under the provisions of the charter, prior to the amendment of 1897, lands could be acquired thereunder, for municipal purposes, lying outside of the corporate limits of the city of Rochester.

It is argued that the object of the legislature in the amendment of 1897, in making applicable to proceedings under the charter to acquire lands for municipal purposes the provisions of the Condemnation Law, was to permit the acquisition of such necessary lands as were required for water purposes situate outside of the city limits.

In the first question submitted for answer, we are asked to determine whether the provisions of the charter of the city of Rochester furnish a complete distinct practice by which the municipality may acquire lands outside of its territorial limits for water works purposes.

We deem it unnecessary to answer this question, for the reason that the proceedings to condemn the land of Edna C. Cobb have passed unchallenged to final determination; the consideration of seventy-six thousand dollars has been paid and Edna C. Cobb has executed and delivered to the city her deed. The question of the regularity of this proceeding is not before us; it was not litigated in the courts below.

The sole question reserved for further consideration, after the payment of the money and the delivery of the deed, is contained in the fourth question submitted, which reads as follows: "Does section 3372 of the Code of Civil Procedure apply to this proceeding, and is the appellant entitled to the benefit of its provisions?" The section referred to in this question is contained in the Condemnation Law, chapter XXIII of the Code of Civil Procedure.

The language employed in the act of 1897, dealing with section 162 of the charter of the city of Rochester, discloses the legislative intention to make the provisions of the Condemnation Law and its amendments applicable to proceedings under the charter. This amendment clothes the authorities with ample powers in condemnation proceedings.

It will be observed that the ordinance instituting this proceeding, from which we quoted in the opening portion of this opinion, adopts in substance a part of the language of section 149 of the "White Charter," and authorized the authorities to condemn *under the laws then in force*. The laws then in force embraced the Condemnation Law. It follows, therefore, that the appellant is entitled to invoke its provisions in this motion for costs and an allowance.

The fourth question, reading, "Does section 3372 of the Code of Civil Procedure apply to this proceeding, and is the appellant entitled to the benefit of its provisions?" we answer

in the affirmative. This answer renders the fifth question unimportant. The first, second and third questions are not involved on this appeal and we do not answer them.

The order appealed from should be reversed, with costs to appellant, and the proceedings remitted for action according to this opinion.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur; GRAY, J., absent.

Order reversed, etc. _____