ERIE & J. R. CO. v. BROWN et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

COSTS—EMINENT DOMAIN—DISMISSAL—EXTRA ALLOWANCE.

> Code Civ. Proc. § 3369, relating to condemnation proceedings, provides that, if judgment be rendered for defendant, costs shall be taxed at the same rates as are allowed of course to the defendant prevailing in an action in the Supreme Court, including the "allowances for proceedings before and after notice of trial"; and section 3367 declares that the court shall try the issues in such a proceeding at such time and place as it may direct, or may order a reference. Section 3372 declares that if an award shall exceed the amount of the offer, with interest, or if no offer was made, the clerk shall tax costs, including allowance before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding 5 per cent. on the amount awarded. *Held*, that the word "allowances" in section 3369 did not mean "additional allowances," and, there being no provision for notice of trial in such proceedings, the court had no power to award an additional allowance of costs to a successful defendant therein.

Appeal from Special Term, Orange County.

Condemnation proceeding by the Erie & Jersey Railroad Company against Walter H. Brown and others. From an order denying defendants' motion for an extra allowance of costs, defendants Walter H. Brown, Henrietta B. Brown, and Charles M. Brown, as executor of the will of Franklin Brown, deceased, appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

George R. Brewster, for appellants.
Henry Bacon, for respondent.

MILLER, J. This is an appeal from an order denying a motion for an extra allowance in a condemnation proceeding in which the defendants were successful on the trial of the issues raised by the answer to the petition. The application for an additional allowance was denied by the court at Special Term for want of power. The appellants, conceding that only such costs as are expressly allowed by statute are recoverable, rely upon the provisions of section 3369 of the Code of Civil Procedure for such statutory authority. The provision thus relied upon is as follows:

"Judgment shall be entered pursuant to the direction of the court or referee in the decision filed. If in favor of the defendant, the petition shall be dismissed, with costs to be taxed by the clerk, at the same rates as are allowed, of course, to a defendant prevailing in an action in the Supreme Court, *including the allowances for proceedings before and after notice of trial.*"

The appellants contend that the word "allowances" means "additional allowances." We do not so read the section. There is no provision for notice of trial in condemnation proceedings; section 3367 of the Code of Civil Procedure providing that the court shall try the

issues at such time and place as it may direct or that it may order the same to be referred to a referee to hear and determine. The words italicized were therefore intended to reinforce the words immediately preceding, and to make clear the intention that the defendants should have all of the allowances specified in section 3251 of the Code of Civil Procedure. If there could otherwise be any doubt about the meaning of the language used, that doubt would be removed by comparing it with the language of section 3372, regulating the costs in case of an award. I quote from said section:

"If the compensation awarded shall exceed the amount of the offer with interest from the time it was made, or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings, before and after notice of trial, *and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded.*"

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.