In re SAWMILL RIVER ROAD IN THE CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department.   October 11, 1912.)

1. EMINENT DOMAIN (§ 167*)—STREETS—STRAIGHTENING AND WIDENING—
   STATUTES—REPEAL.
   Laws 1908, c. 452, was entitled "An act to supplement the general laws
   relating to the government of Yonkers and to revise and consolidate the
   local laws relating thereto," but did not in terms refer to the Second-
   Class Cities Law or to the Condemnation Law.  It repealed all acts and
   parts of acts inconsistent therewith, so far as they affected the city of
   Yonkers, together with the acts enumerated in the schedule annexed
   thereto.  *Held*, that Second-Class Cities Law (Consol. Laws 1909, c. 53)
   § 103, being inconsistent with the act of 1908, was repealed, and that,
   proceedings by the city of Yonkers to acquire land for municipal pur-
   poses being required to be conducted under the act of 1908, the Condem-
   nation Law (Code Civ. Proc. §§ 3357-3441) did not apply.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 451–
   456; Dec. Dig. § 167.*]

2. EMINENT DOMAIN (§ 265*)—COSTS—EXTRA ALLOWANCE.
   Laws 1908, c. 452, supplementing general laws relating to the govern-
   ment of the city of Yonkers, being silent as to costs and allowances in
   proceedings by the city to condemn land for municipal purposes, did not
   repeal Code Civ. Proc. § 3240, providing that costs in a special proceed-
   ing in a court of record, where the costs thereof are not specially regu-
   lated in this act, may be awarded to any party, in the discretion of the
   court, at the rates allowed for similar services in an action brought in
   the same court, or an appeal from a judgment taken to the same court
   and in like manner, and hence in such a proceeding the court may grant
   a property owner a taxable bill of costs, together with an extra allow-
   ance.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–
   693; Dec. Dig. § 265.*]

   Burr and Thomas, JJ., dissenting.

Appeal from Special Term, Westchester County.

Condemnation proceedings by the City of Yonkers to acquire
land to straighten and widen the Sawmill River Road.  From an
order denying a motion of Patrick Byrne for taxable costs and an
extra allowance, he appeals.   Reversed.

Argued before HIRSCHBERG, BURR, THOMAS, WOOD-
WARD, and RICH, JJ.

Woodson R. Oglesby, of New York City, for appellant.
Thomas F. Curran, Corp. Counsel, of Yonkers, for respondent.

RICH, J.   This proceeding was instituted under the provisions
of the supplementary charter of the city of Yonkers (chapter 452
of the Laws of 1908), in which appellant's land was acquired by
the city for the purpose of straightening and widening one of its
public streets.  Upon the presentation of the report of the com-
missioners to the court for confirmation, the appellant asked for
a taxable bill of costs, together with an extra allowance of costs.
The request was denied by the learned court at Special Term, upon

the sole ground that the court was without the power, and the question presented upon this appeal is whether the court reached an erroneous conclusion.

[1] The act under which the proceeding was instituted was entitled "An act to supplement the general laws relating to the government of the city of Yonkers, and to revise and consolidate the local laws relating thereto," and does not in terms refer to the "Second-Class Cities Law" (Consol. Laws 1909, c. 53), or to the Condemnation Law (Code Civ. Proc. §§ 3357–3441). The act is supplemental, and provides that:

"All acts and parts of acts inconsistent herewith are repealed so far as they affect the city of Yonkers; and the acts enumerated in the schedule annexed, are repealed."

Section 103 of the Second-Class Cities Law is inconsistent with the supplemental act and is therefore repealed. Under that section, proceedings to acquire land for municipal purposes must be taken under the provisions of the Condemnation Law, while under the supplementary statute such a proceeding by the city of Yonkers is to be taken in accordance with the procedure therein specified and provided. This proceeding being taken under the provisions of chapter 452 of the Laws of 1908, and not under the Condemnation Law, the provisions of the latter statute do not apply. Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413.

[2] The supplementary statute is silent as to costs and allowances in proceedings of this character, and I am of the opinion that it was the intention of the Legislature that section 3240 of the Code of Civil Procedure should not be repealed.

The order must therefore be reversed, with $10 costs and disbursements, and the proceeding remitted to the Special Term for the exercise of its discretion.

HIRSCHBERG and WOODWARD, JJ., concur.

BURR, J. (dissenting). On the 8th of April, 1910, the common council of the city of Yonkers adopted an ordinance authorizing and directing the straightening and widening of the Sawmill River Road, a public street in the city of Yonkers. This ordinance, among other things, authorized the commissioner of public works to acquire for the city the necessary lands and premises—

"by gift or by purchase, at a price or prices, approved by the board of estimate and apportionment, or by the proceedings provided in article 6 of chapter 452 of the Laws of 1908 for acquiring and ascertaining damages for property taken for purposes of street openings."

Thereafter these proceedings were instituted and completed, and an order has been entered confirming the report of the commissioners. By separate order, entered at the same time, the motion of Patrick Byrne, one of the persons whose land had been taken for such improvement, for costs and an extra allowance in addi-

tion thereto, was denied, upon the ground that the court had no power to grant the same, and from such order this appeal is taken.

Unless statutory authority therefor can be found, the court may not award to a property owner, whose lands have been taken for a public improvement through condemnation proceedings, any costs or allowances for expenses.   Matter of Rapid Transit R. R. Commissioners (Joralemon Street), 197 N. Y. 81, on page 110, 90 N. E. 456, 18 Ann. Cas. 366; Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413.   If by any act then in force applicable to such proceedings such authority is conferred, the court is called upon to exercise its discretion in respect thereto.   Matter of City of Rochester (Cobb), 181 N. Y. 322, 73 N. E. 1106.   The act of 1908 above referred to is entitled:

"An act to supplement the general laws relating to the government of the city of Yonkers, and to revise and consolidate the local laws relating thereto."

It became a law May 21, 1908, and was in force when these proceedings were instituted.   The said act contains full and complete provisions for instituting and carrying on proceedings for—

"opening, * * * widening, altering, straightening, * * * public streets * * * and acquiring the land necessary therefor."   Id. art. 6, §§ 1–22.

It is conceded that it does not in express terms authorize costs and allowances to property owners.   I think that it goes further, and by its enumeration of the items which shall be included in the "total cost" of the proceedings (Id. § 18), in which enumeration is an item of "the cost and disbursements of the corporation counsel for and on account of such improvement," but no provision for like expenses on the part of the property owners, there is clear indication of a legislative intent that the latter shall not be allowed. This act is declared in its title to be supplementary to the general laws.   The general laws then in force were contained in an act known as "Uniform Charter of Cities of the Second Class" (Laws of 1906, c. 473), which became operative January 1, 1908, and has been re-enacted in the same form in "Second-Class Cities Law." Consol. Laws c. 53 (Laws of 1909, c. 55).   This act, among other things, provided (section 104) that:

"Whenever any real estate or interest therein shall be required for any municipal purpose, except as otherwise provided by law, the commissioner of public works may acquire for the city the necessary land and real estate by gift or by purchase, at a price approved by the board of estimate and apportionment, or by the proceedings specified in the condemnation law, *or in the case of property required for street purposes, by the proceedings provided by law for acquiring and ascertaining damages for property taken for purposes of street openings.*"

I think that the fair construction of the language above quoted would withdraw from the application of the Condemnation Law proceedings to acquire land for street purposes.   But the most favorable construction for appellant would be that where there was a special law providing for street openings, as there was in the city of Yonkers (Laws of 1908, c. 452), proceedings might be had

either under that or the Condemnation Law. The ordinance above referred to and the notice of application for the appointment of commissioners of appraisal each contained express recitals that these proceedings were to be instituted and were instituted under the provisions of the act of 1908, and not otherwise. It follows, therefore, that there is no statute applicable to these proceedings authorizing the relief asked for.

The prevailing opinion suggests that the provisions of the "Uniform Charter of Cities of the Second Class" were repealed by the later act relating to the city of Yonkers. If, so, the appellant would be no better off, for certainly under that act there is nothing which, as in the case of Matter of City of Rochester, etc., supra, would enable him to avail himself of the provisions of the Condemnation Law respecting costs and allowances. The prevailing opinion states that:

"This proceeding being taken under the provisions of chapter 452 of the Laws of 1908, and not under the Condemnation Law, the provisions of the latter statute do not apply."

It continues:

"The supplementary statute is silent as to costs and allowances in proceedings of this character, and I am of the opinion that it was the intention of the Legislature that section 3240 of the Code of Civil Procedure should not be repealed."

If it is true, as stated, that the Condemnation Law does not apply, then whether section 3240 of the Code of Civil Procedure, which is a part of the Condemnation Law, was or was not repealed, is immaterial. It is not applicable, and that is a complete answer to appellant's contention.

I think that the learned court at Special Term was clearly right in determining that it had no power to grant such costs and allowances, and I think that the order should be affirmed.

THOMAS, J., concurs.