[3, 4] The further question arises: Did the plaintiff, according to his proofs, make out a cause of action of false imprisonment, at all? It is on this theory of false imprisonment that the plaintiff appeals to this court. Doubtless the captain had a legal power to imprison the plaintiff. But did the circumstances then existing justify the attempted exercise of this power? It is a long day since the belaying pin, or marlinespike, or knotted rope end were not only instruments but symbols of a shipmaster's authority. Considering the vast steamship traffic of the last half century, it is remarkable how few cases are to be found in the books affecting a ship captain's right to enforce discipline on the passengers on his ship. This fact speaks in no uncertain way of the habitual patience of the shipmasters amid their grave responsibilities. Yet, so far as the few cases are to be found, it is well-settled law that a shipmaster, though sometimes described as a "sovereign," and by one text-writer as a legal "despot," is yet answerable at law for the exercise of his authority of discipline, on two points, viz.: "Had there been any necessity for the exercise of the authority; and, even if there had been such a necessity, had there been an excess beyond what was necessary?" And in a court of law these questions, if presented on conflicting proof, as was the case here, became questions for the jury. Aldworth v. Stewart, 14 L. T. Rep. (N. S.) 862; Kay's Law of Shipmasters & Seamen (2d Ed.) § 585 et seq.; Machlachlan's Law of Merchant Shipping (5th Ed.) p. 366 et seq.; Abbott's Law of Merchant Ships & Seamen (14th Ed.) p. 900; Ragland v. Norfolk & Washington S. S. Co. (D. C.) 163 Fed. 376; Chamberlain v. Chandler, Fed. Cas. No. 2,575, 3 Mason, 242; N. J. Steamboat Co. v. Brockett, 121 U. S. 637, 7 Sup. Ct. 1039, 30 L. Ed. 1049.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.

---

(162 App. Div. 158)

## In re SCHOOL STREET IN CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. April 24, 1914.)

1. EMINENT DOMAIN (§ 265*)—COSTS AND ALLOWANCES—AUTHORITY.

Statutory authority is necessary to authorize the award of costs or allowances in a special proceeding to condemn land for a public improvement.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 265*)—CONDEMNATION—AWARD OF COSTS.

In proceedings to condemn land for street improvements under Laws 1908, c. 452, revising and consolidating local laws relating to the city of Yonkers, but not referring to costs or allowances in such proceedings, costs may be awarded to the property owner upon confirmation under Code Civ. Proc. § 3240, authorizing the award of costs in a special proceeding or upon appeal therein in the court's discretion where such costs are not specially regulated by this act.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

3. COURTS (§ 90*)—DOCTRINE OF STARE DECISIS.

A decision of the Appellate Division by a divided court is controlling in subsequent cases, until reversed under the doctrine of stare decisis.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321, 351; Dec. Dig. § 90.*]

4. EMINENT DOMAIN (§ 265*)—PROCEEDINGS—ALLOWANCES—PUBLIC IMPROVEMENT PROCEEDINGS.

Since Code Civ. Proc. § 3240, authorizing the award of costs in a special proceeding, does not refer to allowances, and section 3253, authorizing allowance in the special proceedings enumerated, does not specify a proceeding to condemn land for street improvements, allowances cannot be awarded in such proceeding.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

Appeal from Special Term, Westchester County.

In the matter of laying out, opening, and extending School street in the City of Yonkers, from Nepperhan avenue to Elm street and Palisade avenue. From two orders allowing costs and allowances to attorneys for property owners, the City of Yonkers appeals. Affirmed as modified.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Thomas F. Curran, of Yonkers, Corp. Counsel, for appellant.

Theodore E. Terrell, of Yonkers, for respondent Merritt.

Thomas M. Smith, of Yonkers, for respondent Del Checcolo.

F. X. Donoghue, of Yonkers, for respondents Yonkers Brewery and Underhill Land & Improvement Co.

William A. Walsh, of Yonkers, for respondent Bechle.

Gabriel Reevs, of Yonkers, for respondent Young.

James M. Hunt, of Yonkers, for respondent Kelly.

A. S. Oglesby, of New York City (Woodson R. Oglesby, of New York City, on the brief), for respondents owners of parcels 1, 2, 5, 7, and 8.

BURR, J. On March 13, 1912, the above-entitled special proceeding was instituted to lay out, open, and extend School street from Nepperhan avenue to Elm street and Palisade avenue in the city of Yonkers, and on March 30, 1912, commissioners of estimate were appointed. Subsequently (the date of their report is not given) the commissioners submitted their report as to five of the damaged parcels affected by said proceeding, and on December 14, 1912, this report was confirmed. Upon the same day an order was made granting to the attorneys for the owners of four of such damaged parcels costs of the proceeding and in addition thereto an allowance of $1,500. To the attorneys for the owner of the fifth parcel costs were given and an allowance of $750. On June 9, 1913, the commissioners of estimate filed a second report as to 24 other parcels shown on the damage map, and on the 14th day of June, 1913, an order was entered confirming this report. Subsequently, and on November 24, 1913, an order was entered allowing taxable costs to the several attorneys who appeared for the owners of such damaged parcels, and in addition thereto al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lowances, none of which, however, exceeded 5 per cent. of the amount of the respective awards. An appeal was taken from each of these orders.

[1] There is nothing to show that, if the power to award costs and allowances existed, the discretion of this court at Special Term was unwisely exercised. The question to be considered, then, is solely a question of power. Statutory authority must be found to justify the court in awarding either costs or allowances in a special proceeding for the condemnation of land for a public improvement. Rensselaer & Saratoga R. Co. v. Davis, 55 N. Y. 145; Matter of Simpson, 26 Hun, 459; Erie & Jersey Railroad Co. v. Brown, 123 App. Div. 655, 107 N. Y. Supp. 989; Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413; Matter of Rapid Transit R. R. Com'rs, 197 N. Y. 81, 90 N. E. 456; Matter of Low, 208 N. Y. 25, 101 N. E. 706.

[2] The act under which this proceeding was instituted was entitled "An act to supplement the general laws relating to the government of the city of Yonkers, and to revise and consolidate the local laws relating thereto." Laws of 1908, c. 452. It is conceded that this statute is silent as to costs and allowances in proceedings of this character, but this court has decided that in a proceeding under the provisions of this act to acquire land for the purposes of laying out, opening, and extending a public street, there was authority under the provisions of section 3240 of the Code of Civil Procedure to award costs to the property owner upon the confirmation of the report of the commissioners. Matter of Saw Mill River Road, 152 App. Div. 788, 137 N. Y. Supp. 825.

[3] Although that decision was by a divided court, under the doctrine of stare decisis it is controlling upon this court until reversed, and there has been no such reversal. Moore v. City of Albany, 98 N. Y. 396, 410.

[4] But upon the question of allowances this court is not committed, and we can find no statutory authority for the granting of the same. Section 3240 of the Code of Civil Procedure, referred to in the decision in Matter of Saw Mill River Road, supra, relates only to costs. The provision respecting allowances in addition to costs in special proceedings is found in a subsequent section. Code of Civil Procedure, § 3253. That section enumerates the special proceedings in which such allowance may be made, and a proceeding of this character is not therein specified. Matter of Simmons, 208 N. Y. 69, 75, 101 N. E. 704.

The orders appealed from must therefore be modified by striking out therefrom all provisions therein contained granting allowances in addition to costs to the several persons whose property has been acquired for the purpose of this improvement, and as so modified such orders must be affirmed, without costs. All concur.