STANHOPE, APPELLANT, *v.* SHAMBOW ET AL., RESPONDENTS.

(No. 3,859.)

(Submitted January 11, 1918. Decided January 18, 1918.)

[170 Pac. 753.]

*Infants—Contracts — Disaffirmance — Notice—"Restoration"—*
*Principal and Surety.*

Infants—Disaffirmance of Contracts—Restoration of Consideration.
    1.  An infant may disaffirm the contracts made by him (other than those mentioned in sections 3593 and 3594), during infancy or within a reasonable time after reaching majority, provided he first makes restoration of the consideration, thus placing the other party *in statu quo.*

Same—Restoration—Release of Surety.
    2.  Where an infant purchaser of an automobile disaffirmed his contract of purchase and made complete restoration by redelivering it in substantially the same condition as when he bought it, both he and his sureties were discharged from further liability.

Same—Disaffirmance—Notice—Sufficiency.
    3.  Since no particular form of disaffirmance of a contract by an infant is prescribed by section 3592, Revised Codes, a notice to the seller amounting to an unequivocal act on the infant's part of his intention to avoid the sale was sufficient.

Same—Restoration—What Constitutes.
    4.  Redelivery of an automobile at the same place at which it was sold and delivered to the buyer—which was the seller's place of business—constituted a restoration within the meaning of section 3592, authorizing an infant to disaffirm certain contracts.

    [As to when disaffirmance of contract by infant must be accompanied by return of consideration, see notes in 62 **Am. Dec.** 734; 46 **Am. Rep.** 28.]

Same—Principal and Surety—Evidence.
    5.  In an action between the original parties to a contract, it is competent to show that the purchaser of an automobile was the principal and each of the other defendants a surety only.

*Appeal from District Court, Silver Bow County; John B.*
*McClernan, Judge.*

ACTION by L. H. Stanhope against W. A. Shambow and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*Messrs. Canning & Geagan* and *Mr. E. P. Kelly,* for Appellant, submitted a brief; *Mr. F. E. Geagan* argued the cause orally.

Though the defendant N. A. Shambow, under his plea of infancy, might be held to be exempt from payment of the note,

still it appears to us to be the settled law of contracts that even though one of the makers of a contract, such as the one in question, may be an infant and be entitled on that account to exemption from performance, his adult comakers are not so exempt. (1 Elliott on Contracts, sec. 288; 1 Randolph on Commercial Paper, sec. 278; *Cole* v. *Manners,* 76 Neb. 454, 107 N. W. 777; *Hartness* v. *Thompson,* 5 Johns. (N. Y.) 160; *Cutts* v. *Gordon,* 13 Me. 474, 29 Am. Dec. 520; *Taylor* v. *Dansby,* 42 Mich. 82, 3 N. W. 267; *Parker* v. *Baker,* 1 Clarke Ch. (N. Y.) 136; 7 Cyc. 655.)   In the case of *Magee* v. *Welsh,* 18 Cal. 155, the husband of an infant wife was held liable on a note, while the wife was released from payment on account of infancy.   (See, also, 22 Cyc. 610; Daniel on Negotiable Instruments, 6th ed., sec. 238; *Atkinson* v. *Weidner,* 83 Mich. 412, 47 N. W. 317; *Craig* v. *Van Bebber,* 100 Mo. 584, 18 Am. St. Rep. 569, 609, 13 S. W. 906.)

Defendant N. A. Shambow did not at any time return to the plaintiff the automobile.   He brought it to Butte, left it in a garage, left Butte without seeing plaintiff or telling him anything about it, wrote him a letter from Dillon telling him he had left the automobile at the garage and that it was at plaintiff's disposal—or words to that effect.   Such acts do not constitute a return of the property.   (*Berlin Machine Works* v. *Midland Coal & L. Co.,* 45 Mont. 390, 123 Pac. 396; *Jones* v. *Armstrong,* 50 Mont. 168, 145 Pac. 949.)

*Mr. Edwin M. Lamb* and *Messrs. Pease & Stephenson,* for Respondents, submitted a brief.

In *Keokuk County State Bank* v. *Hall,* 106 Iowa, 540, 76 N. W. 832, on a suit against the infant maker of a note and his sureties, evidence was offered to prove a disaffirmance and return of the property purchased, which the court excluded.   Judgment for the plaintiff reversed, the court saying: "The general rule is that where a party becomes surety for an infant, he is bound, though his principal is not.   (*Jones* v. *Crossthwaite,* 17 Iowa, 393; *Allen* v. *Berryhill,* 27 Iowa, 534, 1 Am. Rep. 309; 1 Brandt on Suretyship, sec. 153.)   But to this as to most other

rules there are exceptions. When the principal disaffirms the contract, and returns the consideration received under it, the surety is thereby discharged. (1 Brandt on Suretyship, sec. 153; *Baker* v. *Kennett,* 54 Mo. 82; *Patterson* v. *Cave,* 61 Mo. 439.)'' (See, also, *Seeley* v. *Seeley-Howe-Le Van Co.,* 128 Iowa, 294, 103 N. W. 961.)

Replying to the contention that no restoration of the property was made by W. A. Shambow, the answer is simple: The appellant made it plain prior to the commencement of the action that he would not accept the car if tendered to him. His letter distinctly repudiates any obligation on his part to receive it, or any intent to do so, but insists upon his right to collect the full amount of the note. It would have been sufficient for Shambow, in that case, to have retained the car subject to the order of the appellant. (*Armstrong* v. *Poe,* 35 Mont. 557, 90 Pac. 758; *Jones* v. *Valentines' School of Telegraphy,* 122 Wis. 318, 99 N. W. 1043; *Potter* v. *Taggart,* 54 Wis. 395, 11 N. W. 678; *House* v. *Alexander,* 105 Ind. 109, 55 Am. Rep. 189, 4 N. E. 891.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In September, 1913, plaintiff sold and delivered to W. A. Shambow a second-hand automobile, receiving as evidence of the purchase price a promissory note signed by the purchaser and the other defendants. After certain payments were made on the note, and in April, 1914, the purchaser returned the car to Butte and notified the seller that he refused to complete the transaction and that he disaffirmed the contract on the ground of his minority at the time the sale was made. This action was commenced to enforce payment of the balance due on the note. Breach of warranty and infancy were the defenses pleaded, but the former was abandoned at the trial. The plaintiff has appealed from a judgment in favor of the defendants.

An infant is bound by his contract to pay the reasonable value of necessaries furnished to him. (Rev. Codes, sec. 3593.) He is

[1]  also bound by a contract entered into by him under express authority or direction of a statute. (Sec. 3594.) Any other contract of a minor may be disaffirmed during infancy or within a reasonable time after reaching majority, provided the infant restores the consideration to the party from whom it was received. (Sec. 3592.) In other words, restoration of the consideration is made a condition precedent to his right to disaffirm. These statutory rules determine the liability of a minor in this state, and any discussion of the subject based upon the common law or the law-merchant is altogether beside the question.

By "restoration" is meant that the other party to the contract is placed *in statu quo*. If, then, the purchaser delivered back [2]  the automobile in substantially the same condition as when it was purchased, plaintiff cannot contend that he is also entitled to the purchase price of the car. He is entitled to one or the other, but not to both, and the choice is at the election of the infant. If there was a disaffirmance and restoration, the obligation was discharged, the claim was satisfied, and the infant and his sureties were released, for there was no longer any consideration for the promise. (*Keokuk County State Bank* v. *Hall*, 106 Iowa, 540, 76 N. W. 832; *Evants* v. *Taylor*, 18 N. M. 371, 50 L. R. A. (n. s.) 1113, 137 Pac. 583.)

The law looks to the substance rather than the form. No [3]  particular form of disaffirmance is prescribed. The notices of April 16 and 27 informed the vendor of the infant's intention not to complete the transaction. They amounted to an unequivocal act on his part by which his intention to avoid the sale was made known to the seller, and were sufficient. (14 R. C. L., p. 236.)

Appellant insists that the evidence fails to disclose that the [4]  car in question was ever restored to him. In this instance, restoration meant redelivery. The record discloses these facts: Plaintiff was an automobile dealer and ran cars for hire. He kept his cars in the Butte Automobile Garage, and it was at this garage that the car in question was delivered to the purchaser when the sale was made, and it was to this same garage that

the car was returned when the purchaser undertook to restore it to the plaintiff. So far as the record discloses, plaintiff had no other place of business. He testified that he paid to the garage owner rental for the storage of his cars; but there is not any evidence that any charges accrued against this car from the time it was left by the purchaser, until plaintiff received notice and had a reasonable opportunity to arrange for its disposition, or that the garage owner had any claim against or lien upon it. When the contract of sale was made in the first instance, the law imposed upon the seller the duty to deliver the car to the purchaser. (Sec. 5097, Rev. Codes.) In the absence of any agreement to the contrary, the place of delivery was the place where the car was at the time of the sale. (Sec. 5098.) Since this car was at the Butte Automobile Garage at the time of the sale and there was not any agreement for delivery at a different place, the garage was, in contemplation of law, the place of delivery. In fact, the car was delivered to the purchaser at that particular place, and since it appears, *prima facie,* that the garage was plaintiff's place of business, a redelivery of the car to the same place with notice to plaintiff of the fact of such delivery constituted a restoration of the car to the plaintiff.

This action is between the original parties to the contract, and [5] it was therefore competent to show that W. A. Shambow was principal and each of the other defendants a surety only (sec. 5681), and, notwithstanding plaintiff testified that he acted on the faith of the apparent character of Allensworth and Duff as principals, the correspondence passing between plaintiff and the purchaser permitted the trial court to draw the conclusion that he did not do so. For instance, in his letter of April 24, plaintiff wrote to W. A. Shambow: "In reply to your letter of April 16 will say, regarding the car referred to in your letter, when I sold this car to you, I took your note with security, giving you a bill of sale of the car, and therefore retaining no interest in this car, whatever. I took your note with the other signatures as pay for this car, you having the privilege of paying this in monthly payments as long as the payments were made promptly,

but in this particular you have failed, therefore compelling me to proceed to collect this note from you and your guarantors.'' The record tends to show that the car was returned in substantially the same condition as when purchased. Plaintiff makes no contention to the contrary, but practically acknowledges the fact in the letter referred to above.

Complaint is made that the trial court refused to permit plaintiff, on cross-examination of the purchaser, to show that this car had been used by the purchaser in the conduct of his business, but the record does not justify the complaint; on the contrary, it discloses that plaintiff was permitted to interrogate the purchaser at length with reference to the character and extent of the use of the car by him.

The record further discloses that upon the trial the purchaser, through his guardian, waived any claim for damages or for the return of the money paid on the note. Plaintiff has the car and $467.50—the amount of such payments. Since it appears that full and complete restoration was made, plaintiff cannot defeat the minor's right to disaffirm the contract by his refusal to accept the car.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.