FOSTER et al., Respondents, *v.* OREGON SHORT LINE RAILROAD CO., Appellant.

(No. 4,581.)

(Submitted January 6, 1922. Decided January 30, 1922.)

[204 Pac. 375.]

*Railroads—Killing Livestock—Failure to Keep Record—Statutes—Constitution.*

1. Where a railway company fails to keep the book prescribed by section 4311, Revised Codes of 1907, in which to record the dates when and the places where on its track livestock is killed in the operations of its trains, and other like matters for information to the person interested, the district court may, in an action to recover damages, decline to hear its defense and award judgment for plaintiff, the statute not being open to constitutional attack.

*Appeals from District Court, Beaver Head County; W. A. Clark, Judge.*

ACTION by R. E. Foster and George M. Melton, copartners doing business under the firm name and style of the Montana Livestock Commission Company, against the Oregon Short Line Railroad Company. From a judgment for plaintiffs and an order denying a new trial defendant appeals. Affirmed.

*Mr. Geo. H. Smith* and *Mr. John E. Corette,* for Appellants, submitted a brief; *Mr. Corette* argued the cause orally.

*Mr. Geo. M. Melton* and *Messrs. Rodgers & Gilbert,* for Respondents, submitted a brief; *Mr. Harry G. Rodgers* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

From a judgment awarding damages to the plaintiffs for the killing of sheep upon the right of way of defendant, and an order denying a new trial the defendant appeals.

Upon the trial the defendant's failure to keep the book [1] and record required by section 4311 of Revised Codes of 1907, and the pecuniary loss suffered by plaintiffs in the destruction of the sheep, were proven. It was admitted that they were not willfully driven upon the right of way. By its answer, and an offer of proof at the trial, the defendant sought to show that it caused timely and sufficient notice to be conveyed to the plaintiffs of the injuries to the sheep; to prove that the plaintiffs were subjected to no inconvenience or disadvantage because of its nonobservance of the requirements of the act; that it was not negligent in the operation of its trains or in failing to furnish suitable equipment therefor; and that there were no defects in the fences at any point along the right of way near the place of the accident. These matters of defense the court excluded, upon the ground that the defendant, by ignoring the requirements of the section of

the Codes mentioned, had sacrificed its right to be heard in its defense of freedom from the negligence charged.

The defendant's counsel confine the inquiry to the power of the legislature so to deprive the railroad company of its right to defend the action. All the questions suggested in the argument of the present case were fully considered by this court in the case of *Dewell* v. *Northern Pac. Ry. Co.,* 54 Mont. 350, 170 Pac. 753. By a reference to the exhaustive and able opinion written by Mr. Justice Holloway, it will be seen that the statute now under consideration was held to be constitutional, and valid in all respects.

Judgment and order affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.