DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent, *v.* ALBERT C. FENGLER and Others, Defendants, and MORRIS S. TREMAINE, Comptroller of the State of New York, THE STATE OF NEW YORK, and THE SYRACUSE GRADE CROSSING COMMISSION, Appellants.*

Fourth Department, November 19, 1941.

*John J. Bennett, Jr., Attorney-General* [*Irving H. Lessen, Assistant Attorney-General*, of counsel], for the appellants Morris S. Tremaine, State Comptroller, and The State of New York.

*James C. Tormey, Corporation Counsel* [*John H. Walrath*, Special Counsel, and *Arthur M. Beach, First Assistant Corporation Counsel*, of counsel], for the appellant Syracuse Grade Crossing Commission.

*Mackenzie, Smith & Michell* [*Basil B. Aylesworth*, of counsel], for the respondent.

*John D. Crimmins* and *William B. Mangin*, for the defendants Albert C. Fengler, Viva M. Fengler, Laura Crimmins and John D. Crimmins.

* Revg. 175 Misc. 1037.

Per Curiam. This action was brought under the Condemnation Law to acquire lands necessary for a grade crossing elimination in the city of Syracuse pursuant to the Syracuse Grade Crossing Elimination Act. The final order confirming the report of the commissioners of appraisal provided in part:

" ORDERED, ADJUDGED AND DECREED, that certain disbursements and expenses by and on behalf of Delaware, Lackawanna and Western Railroad Company, plaintiff herein, including the legal fees of Mackenzie, Smith & Michell, attorneys for said plaintiff, as shown by the affidavit of John H. Hughes, Esq., a member of said firm of Mackenzie, Smith & Michell, duly sworn to on the 7th day of February, 1941, * * * be and the same are hereby determined to have been necessarily incurred and to be reasonable in amount, and are hereby fixed, taxed, allowed and ordered paid as follows: * * *

" Mackenzie, Smith & Michell, attorneys for the plaintiff, legal fees $550.00. * * *

" That said amounts be paid to the parties above named respectively entitled thereto by The People of the State of New York out of the proceeds of the $300,000,000 bond issue of the State of New York for the elimination of grade crossings, upon duly executed vouchers which shall be approved by the Syracuse Grade Crossing Commission, pursuant to Chapter 825 of the Laws of 1928 and the Acts amendatory thereof and supplemental thereto."

The appeal is from that portion of the order above quoted. It is a well-recognized principle of law that statutory authority must be found to justify the court in awarding costs or allowances in a proceeding for the condemnation of land. (Matter of School Street, 162 App. Div. 158; Matter of Low, 208 N. Y. 25.) We find no authority in either the Condemnation Law or the Civil Practice Act which would justify that part of the order providing for the payment to the plaintiff of the fees of its attorneys. Plaintiff, however, seeks to sustain the order by virtue of certain provisions of the Grade Crossing Act. Section 8 of chapter 825 of the Laws of 1928 provides the manner in which lands may be acquired for an elimination project. It provides that " the expense of such acquisition shall be deemed part of the cost of such elimination to be borne in the proportions prescribed by this act." Section 4 of chapter 289 of the Laws of 1939 provides in part: " The expense * * * shall be paid in the first instance out of the State Treasury * * * on accountings and vouchers approved by the department or commission having jurisdiction, etc. * * * Such expense shall be deemed to include any reasonable and necessary expenditures by a municipality, a railroad company or companies,

a commission, the Buffalo commission, the Syracuse commission, or the Department of Law of the State of New York made subsequent to November eighth, nineteen hundred thirty-eight and found by the commission having jurisdiction to have been made in contemplation of the commencement of construction after January first, nineteen hundred thirty-nine, pursuant to article seven, section fourteen of the Constitution * *. *."

The Legislature has conferred upon the " commission having jurisdiction " the duty of determining what are reasonable and necessary expenditures chargeable under the statute to the grade crossing elimination fund and also the duty of approving and auditing the same. While the plaintiff relies substantially upon the provision of the Grade Crossing Act above referred to, it is apparent that any payment of expenses out of elimination funds can be made only " on accountings and vouchers approved by the department or commission having jurisdiction." That commission is the Public Service Commission. (Laws of 1939, chap. 289, § 12.) It is provided in section 13 of chapter 289 of the Laws of 1939 that any person aggrieved by the order or decision provided for may have the right of appeal. Funds of the State can be paid out only upon audit by such authority as the Legislature may create for that purpose. (*People ex rel. Grannis* v. *Roberts*, 163 N. Y. 70.) We conclude that the court was without power to make that part of the order appealed from. That part of the order appealed from is, therefore, reversed, without costs, and the order should be modified accordingly.

All concur. Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

Order, so far as appealed from, reversed on the law, without costs of this appeal to any party, and order modified accordingly.