KENDRICK, RESPONDENT, v. POWELL ET AL., APPELLANTS.

No. 8653

Submitted February 19, 1947. Decided March 29, 1947.

178 Pac. (2d) 859

Mr. George W. Farr, of Miles City, for appellants.

Mr. W. B. Leavitt, of Miles City, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

This action was brought to open a private road. The jury found in favor of defendants and judgment for costs and disbursements was entered in their favor.

Defendants thereupon filed a memorandum of costs and disbursements. Among the items of expenses listed in the cost bill was an item of attorney's fee set out as follows: "Attorney's fee of defendant's attorney, George W. Farr, for his services in making appearances for the defendants in court, making and filing in said court their answer to the plaintiff's complaint, making an inspection of the lands and premises of the defendants, including the strip of land sought to be taken and acquired by plaintiff for road purposes, and other routes and strips of land that might be acquired, and in general preparing for the defense of the proceeding for the trial, and in the trial thereof, for and on behalf of the defendants * * * $500.00." On plaintiff's motion to retax the court disallowed this item. This appeal followed and presents the sole question of defendants' right to include the item of attorney's fee in their cost bill.

Section 15 of Article III of our Constitution, which governs a proceeding to obtain a private road, in part provides: "Private roads may be opened in the manner to be prescribed by law, but in every case the necessity of the road, and the amount of all damage to be sustained by the opening thereof, shall be first determined by a jury, and such amount, together with the expenses of the proceeding, shall be paid by the person to be benefited."

Section 9955, Revised Codes, provides: "Private roads may be opened in the manner prescribed by this chapter, but in every case the necessity of the road, and the amount of all damage to be sustained by the opening thereof, shall be first determined by a jury, and such amount, together with the expenses of the proceeding, shall be paid by the person to be benefited."

Section 1765, Revised Codes, is practically the same as section 9955. Defendants contend that the phrase "expenses of the proceeding" as used in section 15, Article III, of the Constitution and sections 1765 and 9955, Revised Codes, includes attorneys' fees incurred by the landowner in resisting the proceedings.

We do not pass upon the merits of that contention for the reason that even if we upheld defendants' contention it would not aid them in this case.

The Constitution and statutes relied upon by defendants award "expenses of the proceeding" to defendant only in the event that plaintiff is successful in obtaining the private road. In this case plaintiff was not successful. The Constitution and statutes involved are silent on the question as to the costs or expenses that must be paid by plaintiff if he be unsuccessful.

This court is committed to the view that attorney's fees are not allowable as costs under section 9802, Revised Codes, in ordinary litigation. In re Mickich's Estate, 114 Mont. 258, 136 Pac. (2d) 223; McBride v. School District, 88 Mont. 110, 290 Pac. 252; In re Kesl's Estate Mont., 161 Pac. (2d) 641.

Neither the Constitution nor the statutes contemplate any different rule in condemnation proceedings as respects a case in which palintiff is unsuccessful, but on the contrary, section 9954 expressly adopts sections 9802 and 9786 as applicable to eminent domain proceedings.

Hence, whatever may be the rule as to a successful plaintiff ▮ in condemnation proceedings to procure a private road, there is no statutory or constitutional authority for awarding to a successful defendant attorneys' fees against a plaintiff who was unsuccessful, as here.

The order appealed from is affirmed.

Associate Justices Choate, Cheadle, and Metcalf, concur.

Mr. Chief Justice Adair (specially concurring).

I agree that the trial court properly disallowed the item of attorneys' fees inserted by defendants in their bill of costs. Section 9802, Revised Codes of 1935, enumerates and lists what a party to whom have been awarded costs, is entitled to include in his bill of costs. Attorneys' fees are not among the items recognized or listed.

The suit is an ordinary civil action brought pursuant to the provisions of section 15 of Article III of the Constitution and of sections 1765 and 9955, Revised Codes.

In Hardware Mutual Cas. Co. v. Butler, 116 Mont. 73, 86, 148 Pac. (2d) 563, 568, this court said that the term "expense" does not include attorneys' fees, the statute involved providing, "All *expense* of prosecuting such action shall be borne by the employee * * *." Sec. 2839, Rev. Codes.

Under section 1765 and section 9955, Revised Codes, the necessity for the private road must first be found. If the necessity of the road be found then the amount of all damage to be sustained by the opening thereof must be determined by a jury. Here the necessity for the private road was not found and no such road was opened. There is no "damage to be sustained by the opening" of a private road that was not opened and that will not be opened. Of course there was no determination by

the jury of damage which was not and which could not be sustained.

While the statutes provide that the "person to be benefited" by the opening of a private road must pay "the amount of all damage to be sustained by the opening thereof" and also "the expenses of the proceeding," yet the judgment in the instant action was for the defendants and against the plaintiff. The plaintiff lost her suit to establish the private road or the necessity therefor and she is not "the person to be benefited" by the judgment which was rendered against her and in favor of her adversaries.

Under the well-settled rule that attorneys' fees are allowed in civil actions only when expressly authorized by statute, no authority is found in sections 1765 and 9955 for the allowance of any attorney's fee to the prevailing defendants who defeated plaintiff's action for the private road sought. The plaintiff lost her case and with it the benefits she sought to obtain thereby and, being the losing party, she is required to pay defendants' costs other than the claimed attorney's fees.

Even though the words "the expenses of the proceeding" were intended to allow to the party prevailing his attorney's fee under prescribed conditions, which I do not concede, but not to allow such fee to the adverse party should he prevail, then such statutes would present a rather serious constitutional question. See Dewell v. Northern Pac. Ry. Co., 54 Mont. 350, 170 Pac. 753, construing section 4313, Revised Codes of 1907, prior to amendment of 1919; Mills v. Olsen, 43 Mont. 129, 115 Pac. 33, and cases cited at page 140 of 43 Mont., at page 36 of 115 Pac., construing section 7166, Revised Codes of 1907, prior to amendment of Chapter 100, Laws of 1921.

In paragraph VII of their answer the defendants herein alleged that they had employed an attorney and that a "reasonable sum to be paid defendants' attorney * * * will not be less than Five Hundred Dollars ($500) * * * and *for all such expenses* defendants claim and demand repayment * * * from the plaintiff." The reply denies such allegations and also

denies that an attorney's fee is an item of cost or expense that may be incurred by defendants in said action. Thus the above allegations in paragraph VII of defendants' answer became and was *an issue* under the pleadings herein but the judgment of the court failed to include any amount whatever for attorneys' fees. The judgment does not award the attorneys' fees to defendants and they may not properly under section 9802, Revised Codes, insert such item in their cost bill.

At the time of the settlement of defendants' memorandum of costs, plaintiff's attorney made the objection that there is no authority for the allowance of attorneys' fees herein and also, that, even though it were proper to allow an attorney's fee, there were no proceedings had in the trial "in relation to an allowance of a fee, or the determination of the amount thereof * * * and that the amount claimed has never been determined." From the record presented to this court it appears that plaintiff's objections were well founded, valid and sufficient to sustain the trial court's disallowance of the objectionable item.

In Conway v. Skidmore, 48 Wyo. 73, 41 Pac. (2d) 1049, it was held that "collection expense" as used in a conditional sales contract did not include an attorney's fee in a suit for a deficiency.

In the well-considered case of Sears v. Inhabitants of Town of Nahant, 215 Mass. 234, 102 N. E. 491, 494, Ann. Cas. 1914C, 1296, the court held the words "expenses and costs" in a statute did not include an attorney's fees. The court said: "And if in the statute under consideration it had been the intention of the Legislature to impose upon the tax payer the obligation in case of defeat to pay the counsel fees of the opposite party, it easily could have expressed that intent in clear and unmistakable language." The note to this case in Annotated Cases cites a long list of cases holding that attorneys' fees may not be allowed as "expenses" as such word is used in the statutes construed. See also Smith v. Fergus County, 98 Mont. 377, 39 Pac. (2d) 193; State ex rel. Stanley v. Lujan, Judge, 43 N. M. 348, 93 Pac. (2d) 1002; City of Los Angeles v. Abbott, 217

Cal. 184, 17 Pac. (2d) 993; Id., 129 Cal. App. 144, 18 Pac. (2d) 785; Triple Cities Construction Corp. v. Byers Machine Co., Inc., 172 Misc. 519, 15 N. Y. S. (2d) 89; Delaware, L. & W. R. Co. v. Fengler, 262 App. Div. 685, 31 N. Y. S. (2d) 403, affirmed 288 N. Y. 141, 42 N. E. (2d) 6; 25 C. J. S., Damages, sec. 50, p. 532.

The judgment herein recites that "the defendants have, and they are hereby given and awarded judgment against the plaintiff for their *costs and disbursements* incurred in said action." As employed in the judgment "costs and disbursements" mean the same thing. See 9 Words and Phrases, Perm. Ed., p. 805; Moss v. Underwriters' Report, Inc., 12 Cal. (2d) 266, 83 Pac. (2d) 503. That attorneys' fees are taxable as costs only by virtue of express authority conferred by statute, agreement, or stipulation, see 20 C. J. S., Costs, sec. 218, p. 455.

That "costs and disbursements" do not include attorneys' fees, see section 9786, Revised Codes, which provides: "The measure and mode of compensation of attorneys and counselors-at-law is left to agreement express or implied, of the parties, except that in probate proceedings the court may fix and allow the compensation of attorneys representing administrators, executors, guardians, and trustees, and agents appointed by the court. But parties to actions or procedings are entitled to costs and disbursements as hereinafter provided." Also see 14 Am. Jur. 38; 9 Words and Phrases, Perm. Ed., pp. 799-804.

Where, as here, the judgment is merely for the prevailing defendants' "costs and disbursements" such prevailing parties most certainly may not add to that judgment by including in their cost bill an amount for attorneys' fees which, as before stated, is not a proper item of costs and disbursements nor is such item listed in section 9802, Revised Codes, specifying what are proper costs and disbursements.