Major, J.
This is a claim for compensation for easements in three parcels of land owned by claimant and appropriated by the State in connection with the Atlantic Avenue grade crossing elimination project carried out under section 14 of article VII of the State Constitution, as amended in 1938, and the enabling acts, “ New York City Grade Crossing Elimination Act ”, being *783 chapter 677 of the Laws of 1928, and “ Grade Crossing Elimination Act of 1939 ’ ’, being chapter 289 of the Laws of 1939.
The easement rights appropriated were designated as Parcel No. 51, situated on the south side of Atlantic Avenue; Parcel No. 38-R, situated on the north side of East New York Avenue; and Parcel No. 50, situated on the south side of East New York Avenue. The claimant rented a portion of Parcel No. 50 to third parties, who placed business structures thereon. . Parcels No. 38-R and No. 51 were part of a larger area of vacant land. All three parcels were a part of the grade crossing area and immediately within the purview of the elimination project. They were taken as part of the grade crossing elimination improvement, and not as an “ incidental improvement ”.
The State’s attorney, in his opening remarks, moved for a dismissal of the claim on the ground that an allegation on page 2 thereof stated: 1 ‘ The perpetual easements in the three parcels in question were deemed to be and were, in fact, necessary in the elimination of the highway-railroad crossings at grade on the claimant’s Atlantic Division in the Boroughs of Brooklyn and Queens, City of New York ”.
During the discussion of the motion, the State’s attorney said he expected claimant to move for an amendment of the claim before the completion of the trial. The State was, therefore, under no surprise when claimant later moved to amend its claim so that paragraph 3 on page 2 thereof would read: “ The perpetual easements in the three (3) parcels in question were deemed to be and were, in fact, incidental improvements ”.
At the time, decision was reserved. Before the trial, the State knew of the intention of claimant. No new cause of action was included and the trial was pursued and based on the allegation in the amendment.
The claimant’s motion to amend is granted.
At the opening of the trial, the State further moved for a dismissal of the claim on the ground that the Long Island Rail Road Company is not the real party in interest, in view of the railroad reorganization act; and further moved to dismiss the claim on the ground that: “the existing re-development corporation is not a proper party before this Court in an action against the State of New York, on the grounds that it is to some extent a State agency or subdivision ”.
In a later motion the State’s attorney stated: “ I renew the motion previously made to dismiss upon the ground that the railroad development corporation set up pursuant to Article 7 of the Railroad Law, may not sue the State of New York in the Court of Claims ”.
*784 Decision was reserved on these motions, and the court now decides that claimant was not an agency or “ hybrid ” of the State. It was only under the guidance of the State authorities in the interest of public welfare, and, therefore, both motions are denied.
There is insufficient evidence to permit the court to decide what effect, if any, the trusteeship in bankruptcy had on this claim which was filed in the name of the Long Island Bail Boad Company, instead of the trustee, and such objection was not included or pressed in the State’s discussion and motions.
The Reimer cases (Reimer v. Fullen, 174 Misc. 54; Matter of Long Is. R. R. Co. [Reimer], 259 App. Div. 919, affd. 285 N. Y. 730), cited and referred to by claimant’s attorney during the trial and in his brief, are not res judicata for this claim.
The Public Service Commission, and the Transit Commission in metropolitan New York prior to its abolishment on April 1, 1943 (L. 1943, ch. 170), were authorized to direct alterations or changes in existing highways to avoid grade crossings, in the first instance by sections 89, 92 and 94 of the Bailroad Law under chapter 481 of the Laws of 1910, as amended. Later, chapter 677 of the Laws of 1928 was enacted, pursuant to the 1927 constitutional amendment (art. VII, § 14) providing State aid. Under this chapter, all existing highway-railroad crossings at grade to be eliminated from the proceeds of bonds issued pursuant to law and the Constitution, shall be carried out in the manner prescribed by the act. This act also prescribed the method of the division of the cost of the work.
On November 8, 1938, section 14 of article VII of the Constitution was amended. To carry out its provisions, chapter 289 of the Laws of 1939 was enacted and known as the “ Grade Crossing Elimination Act of 1939 ”. This chapter pertains only to eliminations, the construction work whereof shall be commenced after January 1,1939. Work on the project involved herein commenced September 18, 1939;
Chapter 677 of the Laws of 1928, as amended, is equally applicable to this claim, and both chapters must be read together. The Grade Crossing Elimination Act of 1939 deals chiefly with an item named “ incidental improvements ”, and a new formula for the division of the costs.
The commission having jurisdiction thereof (Public Service Commission or Transit Commission), was given the exclusive authority, subject only to review by the Supreme Court, for the determination of the manner of grade crossing eliminations and as to what is included in “ incidental improvements ”, and the costs and division thereof. (Delaware, L. & W. R. R. Co. *785 v. Fengler, 262 App. Div. 685, affd. 288 N. Y. 141; Matter of Railroad Crossings, 226 App. Div. 255.)
The Transit Commission made the determination herein, which is not reviewable by this court or subject to collateral attack. (New York Central R. R. Co. v. State of New York, 283 App. Div. 613, affd. 308 N. Y. 1029.) The necessity to appropriate the lands involved in this claim was determined by the Public Service Commission.
In its use of the center of the highway, the railroad must realize that modernization of streets and highways is necessary to accommodate present-day traffic and to protect the public, particularly where such use includes grade crossings. The railroad company must continue to abide by the common-law rule which provides no compensation for the acquisition of such property in the elimination of a grade crossing for railroad purposes, which benefits the railroad as well as the public. The lands involved herein were and are adjacent to, directly connected with the locale, and in use as part of the grade crossing improvement.
It was determined and decided that the lands involved in this claim were necessary as a part of the elimination improvement, and even though the claimant may not be able to use such lands in the same manner as before the improvement started, nevertheless, such lands are being utilized for easements connected with such improvement. The use being made of the land serves a railroad purpose. (New York Central R. R. Co. v. State of New York, supra.)
The common-law obligation of the railroad claimant continues until the Constitution and statute provide otherwise. The common law must be held no further abrogated than the clear import of the language used absolutely requires. (Transit Comm. v. Long Is. R. R. Co., 253 N. Y. 345; Matter of Town of Cheektowaga Grade Crossings, 259 App. Div. 141; Coffey v. State of New York, 291 N. Y. 494.)
The claimant urges that the record of the statements at the Constitutional Convention spells out a different intent than the State’s contention in this claim. A reading of the entire minutes of such convention pertaining to section 14 of article "VTE of the 1938 Constitution fails to affirm claimant’s contention. The statements of the delegates to the convention do not indicate their intention to depart from the common-law rule or to transfer the cost of such lands, and this court fails to find any such transfer in the statute or in the findings and order of the Public Service Commission or Transit Commission.
*786 The Transit Commission made the orders specifying what were incidental improvements in this project, but at no time did such orders or findings state that the depression of East New York Avenue, the construction of approaches from East New York Avenue to Atlantic Avenue, or the widening of Atlantic Avenue to accommodate these approaches were incidental improvements, although section 3 of the Grade Crossing Elimination Act of 1939 (L. 1939, eh. 289) states: “ Any elimination order hereafter made by such commission shall specify incidental improvements, if any, rendered necessary or desirable because of such elimination and reasonably included in the engineering plans therefor ”.
After due consideration of the testimony presented and the law applicable herein, the claim is dismissed.
Let judgment be entered accordingly.