In the Matter of the Claim of SWARTZ, INC., Tenant of 145 Genesee Street, Utica, N. Y., against THE CITY OF UTICA, for Damages Resulting from the Change of Grade of Genesee Street.

EZRA HANAGAN and MAURICE SUPIRO, Attorneys, Petitioners, Appellants; ABE R. SWARTZ and Another, Respondents.

Fourth Department, May 2, 1928.

Attorney and client — compensation — enforcement of lien under Judiciary Law, § 475 — attorneys entered into written agreement with client to represent it in proceedings to assess damages caused by change of grade of street in Utica — contract stipulated that attorneys would receive fifty per cent of amount collected — contract was not procured by fraud, nor is fee unconscionable — said proceeding is special proceeding within General Construction Law, § 46-a, and Civ. Prac. Act, § 5 — attorneys have lien under Judiciary Law, § 475, against award made to client — attorneys' lien is prior to assignments of part of award and to rights of trustee in bankruptcy of client.

The petitioners, attorneys at law, were retained by a corporation to represent it in proceedings to determine the amount of damages it suffered as a result of a change of grade of a street in the city of Utica. The contract stipulated that the attorneys would receive fifty per cent of any recovery. This proceeding is to enforce a lien under section 475 of the Judiciary Law against the award made to the client.

The contract between the attorneys and the client was not procured by fraud nor is the fee provided for therein unconscionable in view of the services rendered by the attorneys and in view of the amount of the award which was $16,196.07.

The contention by the respondents that the proceeding for the assessment of damages was not a special proceeding and, therefore, that section 475 of the Judiciary Law relating to the enforcement of an attorney's lien does not apply, is not sustained. It appears that the proceeding was instituted in the Supreme Court by the appointment of commissioners and that at all times the court had control of the proceeding. The mere fact that the statute under which the proceeding was had (Laws of 1923, chap. 658, art. 6, § 11) provides that

if there is no appeal from the decision of the commissioners the action of the common council of the city confirming the report shall be final, does not take the proceeding out of the category of special proceedings, for the statute also provides that an interested party who feels himself aggrieved may appeal to the Supreme Court. The proceeding started as a special proceeding and continued as such throughout and was a special proceeding within the meaning of section 46-a of the General Construction Law and section 5 of the Civil Practice Act.

Accordingly, the attorneys are entitled under section 475 of the Judiciary Law to a lien upon the award for fifty per cent thereof, the stipulated value of their services.

The claim of the petitioners, the attorneys, is prior to any rights of assignees to a part of the award or to the trustee in bankruptcy of the client, for the assignments were made long after the contract was entered into between the attorneys and their client, and bankruptcy did not intervene until sixteen months after that contract was made.

APPEAL by the petitioners from an order of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 31st day of December, 1926.

*Hanagan & Supiro* [*Warnick J. Kernan* of counsel], appellants in person.

*Dan T. Burke* and *Chester J. Winslow,* in person, for the trustee in bankruptcy.

*William R. Goldbas,* for the respondent Lichtman.

*Louis E. Krohn,* for the respondent Abe R. Swartz.

CLARK, J. The petitioners are attorneys and counselors at law and practicing their profession at the city of Utica. On the 19th day of December, 1924, they were employed by Swartz, Inc., to prosecute a claim for damages against the city, resulting from a change of grade of Genesee street in front of premises occupied by said Swartz, Inc.

The proceedings for ascertaining the damages resulting from such street improvements were instituted by the city in pursuance of the provisions of its charter (Laws of 1923, chap. 658, art. 6, §§ 5-11), commissioners were appointed, hearings were had, the commissioners made their report as required by law, by which they awarded damages to Swartz, Inc., in the sum of $16,106.07. In this proceeding the report of the commissioners was filed with the city clerk, and the award was later confirmed by the common council, there having been no appeal by interested parties to the Supreme Court, which was permitted under section 11 of article 6 of said act.

On the 19th day of December, 1924, Swartz, Inc., retained the petitioners as its attorneys to prosecute the claim for damages against the city, and they entered into a written agreement with petitioners by the terms of which they agreed to pay them fifty

per cent " of any recovery obtained either as a result of an action or proceeding through compromise or otherwise."

Petitioners appeared before the commissioners in behalf of Swartz, Inc., as their attorneys, and prosecuted their claim successfully, and they bring this proceeding under section 475 of the Judiciary Law to have determined and enforced a lien against said award for their legal services.

Swartz, Inc., answered the petition and alleged that the agreement under which the petitioners were employed was obtained by fraud, and was unconscionable because it provided for an excessive compensation.

The matter was referred to a referee, and after several hearings he made his report in which he found most of the facts in favor of petitioners' contentions, and particularly found that there was no fraud in connection with the obtaining of the contract and that the stipulated amount was not unconscionable, and that petitioners were not estopped to enforce any lien they may have upon the award because they acquiesced in assignments of portions thereof to Abe R. Swartz and Max Lichtman, but as conclusions of law the referee found that petitioners were not entitled to a lien on the award, and that their contract with Swartz, Inc., did not operate as an assignment to them of any part of such award as security for payment for services rendered by them in prosecuting the claim.

The only question to be determined is whether or not the proceeding in which petitioners rendered services was a special proceeding. If it was, the decision of the learned referee in so far as it holds that petitioners are not entitled to a lien, should be set aside to the end that they be permitted to enforce their claim for services which they concededly performed.

The commissioners who made the award were appointed by the Supreme Court, and it is conceded by the respondents, and found by the referee, that the proceedings up to and including the appointment of commissioners, was a special proceeding, but it is claimed by respondents that the subsequent proceedings before the commissioners, including the taking of their oaths, administering oaths to witnesses, and hearing evidence and making and filing of their report, was not a special proceeding.

We do not agree with that contention. The proceedings were at all times under the control of the court. In the first place application was made to the court by the city for the appointment of commissioners and three were appointed. Subsequently one died, and an application was made to the court for the appointment of another commissioner and the appointment was made.

It is true that the statute under which the proceeding was had provided in substance that if there was no appeal from the decision of the commissioners the action of the common council of the city confirming the report would be final, still the statute provided that an interested party who felt aggrieved could appeal to a limited extent to the Supreme Court. (Laws of 1923, chap. 658, art. 6, § 11.)

It is our opinion that this was but one proceeding from the beginning to the end. It was a special proceeding when instituted, and its character as such did not change because of any subsequent steps taken therein preceding the award of damages. (*Pitkin* v. *Cooley*, 5 Hun, 48; *Matter of Ehrsam*, 37 App. Div. 272, 276.)

This condemnation proceeding was started in the court. Swartz, Inc., as one party filed a claim for damages against the city, which was another party. The claim was litigated before commissioners appointed by the court. It was not an action, but a proceeding in a court of justice. Therefore, it was a special proceeding. (Gen. Const. Law, § 46-a, as added by Laws of 1920, chap. 917; Civ. Prac. Act, § 5.)

Section 475 of the Judiciary Law reads as follows: " From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, *report*, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

The appellants concededly prepared their client's claim and filed it, and conducted the proceeding before the commissioners, prepared a brief, submitted the case and took all necessary steps in properly presenting their client's claim. Following their efforts their client was awarded substantial damages.

The statute providing for an attorney's lien should receive reasonable construction. It should be liberally construed to the end that its beneficial purposes be not set at naught through technicalities or a strained construction. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492.)

The petitioners having performed valuable services under their retainer in a special proceeding, their lien attached to the report and to the award that was made by the commissioners, which was subsequently confirmed. (*Matter of Scheier* [*Wadick Lien*], 159 App. Div. 861, 864; affd., 211 N. Y. 548.)

The commissioners in passing on the Swartz, Inc., claim were in the exercise of judicial functions. They set the time and place for a hearing, administered oaths to witnesses, heard and passed upon the evidence, made their decision and made and filed a report. The report was confirmed by the common council, but the right of an aggrieved party to appeal to the Supreme Court survived. So at all times from the filing of the original petition for the appointment of commissioners, to the making and filing of their report and award, and its subsequent confirmation by the common council, the proceeding was under the control of the court, and under any reasonably liberal and equitable construction of the statute it is our opinion that it was at all times a special proceeding, it not being an action. (*King* v. *City of New York*, 36 N. Y. 182, 186.)

The contract between petitioners and Swartz, Inc., preceded by many months the assignment of portions of the award to Abe R. Swartz and Max Lichtman, and was made more than sixteen months prior to the bankruptcy of Swartz, Inc. Any claims of said subsequent assignees or the trustee in bankruptcy to this award would be subject to the prior claims of petitioners under their contract of December 19, 1924.

Our conclusion is that this condemnation proceeding was a special proceeding from its inception, and continued to be such through all the procedure down to the making of the award and including the final confirmation of the report.

Having reached this conclusion, it is our opinion that petitioners are entitled to enforce their attorneys' lien under section 475 of the Judiciary Law for the amount of their claim under the contract, to wit, one-half of the amount of the award, $8,053.03, with interest thereon from the date of the confirmation of the report.

The order appealed from in so far as it dismisses the petition of the petitioners and confirms the report of the referee in that regard, should be reversed, and the matter remitted to the Special Term to proceed in accordance with this opinion.

All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

Order, in so far as it dismisses the petition and confirms the report of the referee, is reversed on the law, and matter remitted to the Special Term to proceed in accordance with the opinion.