LITTLE FALLS FIBRE COMPANY and Others, Respondents, Appellants, *v.* HENRY FORD & SON, INC., Appellant, Respondent.*

Third Department, May 16, 1928.

Waters and watercourses — dams — action to restrain defendant from maintaining flash boards on Federal dam — plaintiffs own mill above defendant's plant — flash boards raise water so as to detract from power at plaintiffs' plant — Federal license to defendant did not authorize taking plaintiffs' property — defendant as licensee is liable under Federal Water Power Act, § 10, subd. (c) — injunction granted — costs — extra allowance under Civil Practice Act, § 1513, subd. 2 — plaintiffs are given five per cent on " value of the subject matter involved."

This is an action to restrain the defendant from maintaining flash boards on the Federal dam above its plant which were erected under a Federal license. The plaintiffs own a mill on non-navigable water above the defendant's plant and the effect of the flash boards is to detract from the water power available at plaintiffs' plant. The defendant is taking plaintiffs' property for private use and an injunction will issue to restrain the maintenance of the flash boards. The defendant cannot plead the Federal license for that does not permit it to deprive the plaintiff of its property for private purposes, the defendant having erected the flash boards solely for its own private purposes and not in aid of navigation.

Furthermore, subdivision (c) of section 10 of the Federal Water Power Act makes the defendant liable for damages resulting from its act under the license.

Subdivision 2 of section 1513 of the Civil Practice Act authorizes an extra allowance on the " value of the subject matter involved." The plaintiffs are entitled to an extra allowance of five per cent on $18,500, the value of the subject-matter involved belonging to them.

HINMAN, J., dissents.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 10th day of June, 1927.

Appeal by the plaintiffs from an order of the Supreme Court, entered in said clerk's office on the 31st day of May, 1927.

*Thomas O'Connor* [*George E. O'Connor* and *Gerald W. O'Connor* of counsel], for the plaintiffs.

*Whalen, Murphy, McNamee & Creble* [*Robert E. Whalen* and *Charles E. Nichols, Jr.,* of counsel], for the defendant.

HILL, J.  Each of the plaintiffs owns a manufacturing plant located on the northerly side of the fourth branch of the Mohawk river. A short distance westerly there is a dam across this branch. The water so impounded flows through a canal to the plants, where fourteen feet of head is available for power. The tailrace returns the water to the same stream from which it was taken. The dam and canal,

* Modfg. 127 Misc. 834 and 129 id. 544.— [REP.

together with the plants as they are presently used, " have been owned, possessed, used, occupied, operated and maintained by the plaintiffs and their predecessors in title continuously since in or about the year 1828." About 1915 the United States government constructed the Federal dam across the Hudson river nearly three miles below the plaintiffs' plants. It was constructed pursuant to an act of Congress, approved June 25, 1910 (36 U. S. Stat. at Large, chap. 382), and was in furtherance of the unquestioned Federal right to regulate interstate and foreign commerce. It is a wing dam. The crest of the westerly section is seventeen and two-tenths feet above a bench mark known as the Barge canal datum (B. C. D.). The easterly section of the dam is fifteen and two-tenths feet above B. C. D. This section was so constructed as to permit the installation of flash boards. Defendant had erected a plant upon Green Island, adjacent to the river, and a power station south of the dam. On or about June 16, 1925, it installed flash boards, two feet in width on the easterly section of the dam. The resultant rise adjacent to plaintiffs' structures nearly covered the tailrace at each plant, and reduced the head to twelve feet. Defendant claimed to act under a license or permit from the proper authorities of the Federal government, under the Federal Water Power Act, approved June 10, 1920. (41 U. S. Stat. at Large, 1063, chap. 285; now U. S. Code, tit. 16, § 791 *et seq.*) The correspondence between defendant and the War Department plainly shows that these boards were installed " in connection with the operation of " defendant's power house. The trial court so found, and further " that there is no necessity for the use of these flash boards for navigation purposes, because the government dam was designed to be sufficient under normal conditions for navigation purposes without flash boards." The findings were justified by the evidence. The government had constructed the dam to aid navigation and had not installed the boards. The purposes of navigation, evidently, had been properly and adequately served, in the opinion of the government, without their installation. They were installed only when defendant's private purpose would be aided. This was stated when application was made to the government, and permission was granted for that purpose. Any benefits to navigation attempted to be proved were trivial and unimportant.

The position of the defendant is that the authorization by the government leaves no question for judicial review. It cites *United States* v. *Chandler-Dunbar Co.* (229 U. S. 53) as authority sustaining its position that when the Federal Power Commission authorized the erection of these boards, it was an act in aid of navigation, and not subject to judicial review. I do not so

understand that authority. It deals ·with the property rights which may be privately held in lands under navigable waters, and the right of Congress in the interest of navigation to use such lands and control the flowage of the streams. The determination by Congress, or by a body authorized and empowered by Congress, that a use is a public use is final, but " the nature of a use, whether public or private, is ultimately a judicial question." (*Rindge Co.* v. *Los Angeles County*, 262 U. S. 700, 705.) Taking the private property of one person without his consent for the private use of another is a violation of the Federal Constitution. (*Missouri Pacific Railway Co.* v. *Nebraska*, 164 U. S. 403; *Hairston* v. *Danville & Western Railway*, 208 id. 598.) To reiterate, the necessity or expediency of taking property for public use is a legislative and not a judicial question, but the nature of the use of the property so taken or to be taken, whether public or private, is a judicial question.

It is stipulated in the case that plaintiffs own the Kings dam and canal and the water power thereby made available. A portion of plaintiffs' property has been taken by placing the flash boards and the resulting rise of water in the pool. This was not a taking of lands under navigable waters, in regard to which Congress and the Federal authorities have complete and entire control. (*United States* v. *Cress*, 243 U. S. 316.) In that case, as to claim No. 718, the identical condition existed as here. Federal locks and dams were constructed in the Cumberland and Kentucky rivers. The claimants owned five and one-half acres of land upon which there was a mill adjacent to a tributary of the Kentucky river. The opinion says: " That by reason of the erection of the lock and dam the mill no longer can be driven by water power; that the water above the lock and dam, when it is at pool stage, is about one foot below the crest of the mill dam, and this prevents the drop in the current that is necessary to run the mill; that no part of the land or mill is overflowed or covered by pool stage of water, nor is the mill physically damaged thereby." The opinion states in determination of the claim: " The right to have the water flow away from the mill dam unobstructed, except as in the course of nature, is not a mere easement or appurtenance, but exists by the law of nature as an inseparable part of the land. A destruction of this right is a taking of a part of the land."

The tributary upon which this mill was located was non-navigable water, but that in no wise changes the situation in this case, for it is conceded here that there is private ownership of the King dam, canal and water power, and there has been no claim by the Federal government that its removal will be necessary to improve navigation.

36

*Pumpelly* v. *Green Bay Co.* (80 U. S. [13 Wall.] 166); *Monongahe'a Navigation Co.* v. *United States* (148 id. 312); *American Woolen Co.* v. *State* (195 App. Div. 698), each support plaintiffs' right to damages and an injunction upon the theory hereinbefore discussed.

Defendant is a licensee. Section 10, subdivision (c), of the Federal Water Power Act (41 U. S. Stat. at Large, 1068, 1069; now U. S. Code, tit. 16, § 803, subd. c) provides in part: " Each licensee hereunder shall be liable for all damages occasioned to the property of others by the construction, maintenance, or operation of the project works * * *." The force of such a statute has been recognized in this State. (*Oswego & Syracuse R. R. Co.* v. *State*, 226 N. Y. 351; *Fulton L., H. & P. Co.* v. *State*, 200 id. 400.) But to make that applicable there must have been a " taking " in aid of commerce. In this case there is an attempt to take property for private use, to prevent which an injunction is asked, and the damages are only those that accrued prior to the restraining order.

The nature of the use of plaintiffs' property which would be taken if flash boards are maintained, was properly determined to be for the private benefit of the defendant, and the court had power to make that determination. Plaintiffs are entitled to a permanent injunction restraining this illegal taking and for the damages which they suffered during the period their rights were invaded.

On the question of costs. *Williamsburgh City Fire Insurance Co.* v. *Central New England Railway Co.* (202 App. Div. 813; affd., 235 N. Y. 582) seems to decide that the five per cent extra allowance must be computed upon the amount of the recovery, but I feel that the plaintiffs are entitled to as substantial an allowance as the statute will permit. They advocate a somewhat ingenious theory that giving due regard to the above decision, five per cent may be allowed on the value of the subject-matter in connection with the Little Falls Fibre Company cause of action, because they received no award for damages. The 2d subdivision of section 1513 of the Civil Practice Act permits five per cent extra allowance " upon the sum recovered or claimed, or the value of the subject matter involved." The fibre company did not recover or claim any sum. The value of the subject-matter involved belonging to it was $18,500. Plaintiffs' allowance should be increased by five per cent of such sum. The judgment as so modified should be affirmed.

VAN KIRK, P. J., DAVIS and WHITMYER, JJ., concur; HINMAN, J., dissents.

Judgment and order modified by increasing the plaintiffs' recovery for costs, disbursements and additional allowances from $364.16 to $1,289.16, and as so modified judgment and order affirmed, with costs.