C. MILTON FOREMAN, Respondent, v. LOUIS JACQUES CONSTRUCTION COMPANY and Others, Respondents, Impleaded with THE PEOPLES NATIONAL BANK OF ELIZABETH, NEW JERSEY, and Another, Appellants.

Second Department, May 6, 1932.

*Otto C. Sommerich* [*Saul I. Radin* with him on the brief], for the appellant The Peoples National Bank of Elizabeth, New Jersey.

*Thomas E. O'Brien* [*Thomas F. Conway, William F. Pritchard* and *Charles A. Denneen* with him on the brief], for the appellant Globe Indemnity Company.

*Alfred T. Davison* [*E. L. MacKenzie* with him on the brief], for the plaintiff, respondent.

*Ernest W. Arlt,* for the respondents Contractors Trading Co., Inc., and others.

*Henry A. Stickney* [*Clarence U. Carruth, Jr.,* and *Vernon R. Y. Lynn* with him on the brief], for the respondent Fidelity and Deposit Company of Maryland.

*Joseph L. Lefkowitz,* for the respondent The Progressive Clay Company.

*Carl E. Peterson,* for the respondent Sprague Construction Co., Inc.

PER CURIAM. The assignment from Jacques Company to the Peoples Bank of Elizabeth, N. J., is void as to all creditors of Jacques Company:

(1) Because there was no deprivation of control on the part of the assignor over the proceeds passing under the assignment. No basis for an estoppel as against the creditors with respect to this assignment existed. The fact that the assignment was not secret furnished no such basis. The retention of control by Jacques and the right to apply the funds to any project of Jacques destroyed the instrument as a valid assignment. There is no sufficient evidence in the record to justify a holding that the creditors assented to this retention of control of the proceeds despite the assignment to the bank. (*Benedict* v. *Ratner,* 268 U. S. 353; *Blue* v. *Herkimer Nat. Bank,* 30 F. [2d] 256.)

(2) The assignment was not valid, because it was not filed in the manner required by section 16 of the Lien Law. (*Glens Falls Portland Cement Co.* v. *Van Wirt Const. Co.,* 225 App. Div. 159; *Albany B. S. Co.* v. *Eastern B. & S. Co.,* 235 N. Y. 432.)

(3) There are further reasons for the same result that the foregoing reasons make it unnecessary to mention.

(4) Recourse to the performance bond of the Globe Indemnity Company was available to the plaintiff lienor and the defendant lienors. (*Johnson Service Co.* v. *Monin, Inc.,* 253 N. Y. 417; *Maltby & Sons Co.* v. *Wade,* 224 App. Div. 779.)

The record in *Hampton* v. *Incorporated Village of Freeport* (223 App. Div. 857) did not contain an affirmative showing that there was no necessity for the village of Freeport to have recourse to the bond, as affirmatively appears in this record.

(5) The Fidelity and Deposit Company became subrogated to the rights of the lienor Foreman under the first lien, upon paying the amount accruing thereunder.

(6) The lien of the Moore Trench Machine Company may be sustained on the theory that it rests upon material consumed in the course of the job. This view results from giving that lienor the benefit of all inferences arising from the testimony, on the basis of which inferences it may be concluded that in the course of the drainage operations it became impossible to extricate, for practical advantage, pipes, etc., used in the operation, and that, therefore, they were consumed.

(7) An extra allowance was properly made. The plaintiff in computing the allowance was not limited to the amount he recovered. The amount involved in the claims that he had to resist in order to prevail furnished a basis for compensation. Defendant The Peoples National Bank of Elizabeth, N. J., sought affirmative relief under its alleged assignment with respect to $68,082.44, which furnishes a basis of computation that warrants the amount allowed. (*Little Falls Fibre Co.* v. *Ford & Son, Inc.*, 223 App. Div. 559; Civ. Prac. Act, § 1513, subd. 2.)

The judgment and order, in so far as appealed from, should be affirmed, with a single bill of costs to the group of respondents represented by Mr. Arlt, and costs to each of the other respondents filing a brief except Globe Indemnity Company.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and DAVIS, JJ.

Judgment and order in so far as appealed from unanimously affirmed, with a single bill of costs to the group of respondents represented by Mr. Arlt, and costs to each of the other respondents filing a brief except Globe Indemnity Company.