C. MILTON FOREMAN, Plaintiff, *v.* LOUIS JACQUES CON-
STRUCTION CO., INC., et al., Defendants; THE PEOPLES
NATIONAL BANK OF ELIZABETH, NEW JERSEY, Appel-
lant, and CONTRACTORS TRADING CO., INC., et al.,
Respondents.

(Argued March 2, 1933; decided April 11, 1933.)

*Otto C. Sommerich* and *Saul I. Radin* for appellant. Since the creditors' agreement signed by all the defendants lienors, excepting the defendant Sprague Construction Company, provided for the repayment to the bank of its advances prior to any payment to the lienors who are parties to the agreement and the bank, pursuant to the agreement, released to the creditors' committee the sum of $54,368.88, the lienors are estopped to deny the validity of the assignment, and the bank is entitled to prior payment. (*Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458.) The finding that the bank did not comply with section 16 of the Lien Law (Cons. Laws, ch. 33) requiring filing within ten days after date of the assignment, has no evidence to support it. A copy of the assignment was filed within ten days after the date thereof with the custodian of the records of the head of the department or bureau having charge of the public improvement and with the financial officer of the municipal corporation charged with the custody and disbursement by the corporation of the public funds. (*Albany B. S. Co.* v. *Eastern B. & S. Co.*, 235 N. Y. 432; *Dwelle-Kaiser Co.* v. *County of Niagara*, 103 Misc. Rep. 460; *Montgomery Bros. & Co.* v. *Cole, Inc.*, 138 Misc. Rep. 53.) The sum of $37,703.36 having been advanced prior to the filing of any of the defendants' liens, the assignment takes priority over defendants' liens filed thereafter. (*Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330; *Wood* v. *Galway & Co.*, 186 App. Div. 134; *Paine* v. *City of New York*, 190 App. Div. 681; *Carroll Sand Co.* v. *Jones*, 231 App. Div. 121; 256 N. Y. 99.)

*Stanley W. Schaefer* for Finance Service Company, *amicus curiæ*. The arrangement which the court adjudged fraudulent and void as to creditors was entered into in perfect good faith and without any intent to hinder, delay or defraud creditors, nor is there any evidence in

the record that it in fact resulted in any actual detriment to creditors. (*Matter of Bernard & Katz*, 38 Fed. Rep. [2d] 40.)

*Ernest W. Arlt* for Contractors Trading Co., Inc., et al., respondents. The trial court properly upheld the right of the lienors to contest the validity of the assignment. (*Edison Electric Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1; *Concord Construction Co.* v. *Plante*, 63 Misc. Rep. 120; 137 App. Div. 243.) The assignment was not filed in accordance with section 16 of the Lien Law. (*Glens Falls Portland Cement Co.* v. *Van Wirt Constr. Co.*, 228 N. Y. Supp. 389; 225 App. Div. 159; *Steers Sand & Gravel Co.* v. *Village of Long Beach*, 184 App. Div. 957; *Albany Builders Supply Co.* v. *Eastern Bridge & Structural Co.*, 235 N. Y. 432; *General Fireproofing Co.* v. *Keepsdry Construction Co.*, 173 App. Div. 528; 225 N. Y. 180; *Edison Electric Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1; *Dwelle - Kaiser Co.* v. *Frid*, 233 App. Div. 427; 259 N. Y. 546.) The creditors' agreement does not estop the lien creditors from attacking the assignment. (*Kane Co.* v. *Kinney*, 174 N. Y. 69; *Gates Co.* v. *Stephens Construction Co.*, 220 N. Y. 38; *Surdam Holding Corp.* v. *Wheeler*, 250 N. Y. Supp. 17.)

*Joseph L. Lefkowitz* and *Lewis Nadel* for Progressive Clay Company, respondent. Since the bank failed to file the instrument executed and delivered to it by the contractor in accordance with section 16 of the Lien Law, it was properly held to be invalid. (*Glens Falls Portland Cement Co.* v. *Van Wirt Constr. Co.*, 132 Misc. Rep. 95; *Albany Builders Supply Co.* v. *Eastern Bridge & Structural Co.*, 235 N. Y. 432; *Edison Electric Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1; *General Fireproofing Co.* v. *Keepsdry Construction Co.*, 173 App. Div. 528; *Montgomery Bros. Co.* v. *Cole*, 138 Misc. Rep. 53.) The alleged creditors' agreement does not estop the defendants lienors from asserting their lien rights and attacking the validity of

the assignment to the bank by the contractor. (*Kane Co.* v. *Kinney,* 174 N. Y. 69; *Gates Co.* v. *Stephens Const. Co.,* 220 N. Y. 38; *Black Co.* v. *Surdam Holding Corp.,* 140 Misc. Rep. 113.)

*Carl E. Peterson* for Sprague Construction Co., Inc., respondent. The Sprague Construction Co., Inc., was employed by all the other parties to this appeal, who, by their committee, expressly agreed to pay for its work. Hence, no matter what disposition is made of the dispute between the other parties to the appeal, this respondent's claim must be paid. (*Paine* v. *City of New York,* 190 App. Div. 681; 231 N. Y. 539.) The Sprague Construction Co., Inc., had a valid lien. (*Paine* v. *City of New York,* 190 App. Div. 681; 231 N. Y. 539.)

KELLOGG, J. On November 7, 1927, the defendant the Village of Freeport, Long Island, and the defendant the Louis Jacques Construction Company, entered into a written contract whereby the latter, for a stipulated price to be paid by the former, undertook to construct a system of sewers to be laid within the limits of the village. On November 25, 1927, the Jacques Construction Company made a written assignment of all moneys then due, or thereafter to grow due, under the terms of its contract with the village, to the defendant The Peoples National Bank of Elizabeth, New Jersey.

On June 22, 1928, the Jacques Company had so progressed with the work that under the terms of its contract with the village it had become entitled to payments aggregating $297,489.83. Of this sum $243,182.95 had actually been paid by the village to the Peoples National Bank, the assignee of the Jacques Company, through the medium of checks drawn to the order of that company and by it indorsed to the Peoples National Bank, which had collected the same. This left the sum of $54,306.88, which had then been earned but was still unpaid.

Meanwhile, the Peoples National Bank had advanced to the Jacques Construction Company, to enable it to perform its contract or for other purposes, sums of money largely in excess of the sum of $243,182.95, which the bank had received under its assignment. This excess was such that on the date named the balance due to the Peoples National Bank, as found by the court, was the sum of $37,703.36.

At this time no mechanic's liens had been filed against the moneys due or to become due under the Jacques contract with the village, except a lien on behalf of the plaintiff, C. Milton Foreman, and a lien on behalf of the defendant Contractors Trading Company, Inc., the two claims aggregating $15,381.69. No other creditors than these two lienors were then entitled to dispute the validity of the assignment to the bank. As against all others the assignment, whether properly filed or not, was entirely valid.

Even without a written assignment, a direction given by the Jacques Company to the village of Freeport that the sum of $54,306.88 be paid to the Peoples National Bank would have constituted a valid order which, except for the two lienors, would have been operative to entitle the bank, upon receipt of the moneys, to use them in the extinguishment of its then claim of $37,703.36. Except as its power was limited by the liens filed, the Jacques Company was entitled to do what it chose with its own and to make full payment to the Peoples National Bank, as a preferred creditor, with the moneys due to it. Deducting the aggregate amount for the security of which the two liens had been filed, there would have been left the sum of $38,925.19, or more than enough to satisfy the bank's claim in full. To this extent at least the Jacques Company had the right to make, and the bank had the right to receive, a transfer of the moneys then due.

On June 22, 1928, the Jacques Company abandoned

work under the contract. On that day an agreement was made by the creditors whereby a creditors committee was formed. Subsequently, acting pursuant to the agreement, the creditors' committee completed the work. Meanwhile, the Peoples National Bank, on June 23, 1928, collected from the village of Freeport the sum then due of $54,306.88. This sum it turned over to the creditors' committee for their use in completing the job. It also made a further advance of $17,564.22 to the creditors' committee for the same purpose. At the completion of the job by the creditors' committee there became due upon the contract, from the village of Freeport, the sum of $68,082.44. Meanwhile, liens amounting to more than $55,000 had been filed. It has been held that the creditors holding these liens are entitled to payment in preference to the Peoples National Bank, which claims a preference by virtue of the creditors' agreement of June 22, 1928, to the extent of its unpaid claim of $37,703.36 as of June 22, 1928, and to the extent of its claim of $17,564.22, subsequently arising on account of advances to the creditors' committee.

The creditors' agreement of June 22, 1928, recites that it is made between the Peoples National Bank as party of the first part, the Louis Jacques Construction Company as party of the second part, the creditors of the said Louis Jacques Construction Company as parties of the third part, and other persons named, constituting a general committee of creditors, as party of the fourth part. It recites that the village of Freeport and the Jacques Construction Company entered into a contract for the construction of the sewers; that the latter company did assign to the Peoples National Bank the money due and to grow due thereon; that two liens had been filed, one on behalf of the Contractors Trading Company, Inc., and one on behalf of Milton Foreman, this plaintiff.

The parties name a creditors' committee to complete

the work. The creditors assign to the committee all their claims and agree to file no claims against moneys due or to become due under the contract and to take no legal steps to collect the same. The Contractors Trading Company agrees to release and satisfy its lien. This is done so that the sum of $54,000, then due from the village of Freeport, may be paid over to the Peoples National Bank " for the purposes hereinafter mentioned."

The creditors agree that its committee shall act in closing up the affairs of the Jacques Construction Company and for the collection and distribution of its assets on these conditions: (a) The Peoples National Bank shall become the depository of all funds due and to become due. (b) Out of the $54,000 now due, distribution shall be made as follows: *First*, for the payment of arrearages of payroll, amounting to approximately $23,000. *Second*, for the payment of payroll necessary for the completion of the work, amounting to the sum of $11,000. *Third*, " For the payment to the party of the first part [The Peoples National Bank of Elizabeth, New Jersey] the amount of its indebtedness of approximately $53,000 and accrued interest, due from the party of the second part [The Jacques Construction Company] to the party of the first part." (c) " Out of any other moneys subsequently received " by the Peoples National Bank " on assignment " or otherwise " There shall be paid to the party of the first part the balance that may be due to it on its aforesaid indebtedness of approximately $53,000 due from the party of the second part to the party of the first part with accrued interest." " It being understood that out of any and all assets of the party of the second part there shall be applied first, a sufficient sum to pay the indebtedness due to the party of the first part [The Peoples National Bank] before there shall be any distribution to other creditors." (d) The committee shall " withhold the sum of $13,700 or such other sum as may

be found to be due by Court Judgment or otherwise from the party of the second part to Milton Foreman [the plaintiff] on account of a lien filed by said Milton Foreman." (e) The committee shall pay to the other creditors *pro rata* the balance of the moneys, so far as necessary to extinguish their debts.

The lienors now claim that the creditors' agreement was not binding upon those who signed it, for the reason that it was not to be given effect unless all the creditors of the Jacques Company executed the same. No such condition may be found in the agreement. It is true that one interested witness gave testimony to this effect. However, the court made no finding that the agreement was subject to any such condition. On the contrary, the court held that, in one respect, the agreement was operative although not signed by all the creditors. Thus, it found that the Globe Indemnity Company, which as surety had promised the faithful performance of the construction contract, by reason of the creditors' agreement was discharged from all its obligations under the bond given by it.

The court found that all the defendant creditors, whose liens were recognized by the court, entered into the agreement, except the defendant Sprague Construction Company, Inc., and the defendant Isaac Rouzee. These two defendants were not then creditors with or without liens since the materials and labor furnished by them were supplied, after the making of the agreement, to the creditors' committee. It also found that " the said creditors' committee acted with the consent of all parties to this action except the plaintiff, Globe Indemnity Company and Fidelity & Deposit Company of Maryland." These exceptions are not important, for the two surety companies have been acquitted of liability, and the

plaintiff's claim, for the payment of which in full the creditors' agreement amply provided, has been fully paid.

The lienors also claim that the Peoples National Bank did not execute the agreement and, therefore, cannot take advantage thereof. A sufficient answer is the finding of the court that the Peoples National Bank of Elizabeth, New Jersey entered into the agreement. Moreover, even if the bank did not execute the agreement, it made all the payments therin provided for and performed all the obligations thereby imposed.

It is worthy of note that Mr. Arlt, representing all the lienors whose liens are involved upon this appeal, except the Progressive Clay Company, the Sprague Construction Company, Inc., and Isaac Rouzee, made to the court this significant statement: " I want to say to the court that it was my understanding with Mr. Sommerich [attorney for the Peoples Bank] prior to the trial of this action that all of the defendant lienors who signed the agreement and who are clients of mine, agreed to subordinate their liens to the assignment of the Peoples National Bank, which is provided for in that agreement, and they signed the agreement realizing the full knowledge of their act in subordinating their claims to the bank, and they did so subordinate their claims at the signing of that agreement according to the terms and provisions of the agreement, of course."

We find, then, that on June 22, 1928, matters stood in this wise: The village of Freeport then owed to the Jacques Construction Company the sum of $54,306.88, which was immediately payable. The Peoples Bank held an assignment of these moneys to secure a debt of $37,703.36. There were no outstanding liens, except two, and these secured claims aggregating not more than $15,381.69. Conceding that these liens had priority over the assignment, that instrument was sufficiently operative to entitle the Peoples Bank, after payment of the liens

in full, to collect the balance of the sum then due, or $38,925.19, wherewith to extinguish its then claim of $37,703.36. Such being the situation, all the then lienors and creditors, now having an interest in the fund, agreed upon a plan of distribution of the moneys then and thereafter to become due. If the Peoples Bank, acting under its assignment, would collect and pay over to a creditors' committee the $54,306.88 then due, and all subsequent moneys to become due, for the use of the committee in completing the work, it should be entitled to priority of payment over all lienors and creditors. To facilitate the collection, one of the two lienors agreed to cancel its lien, and provision was made to pay the other lienor in full. The Peoples Bank, on the strength of these stipulations, surrendered its rights, whereby it might have presently obtained payment in full of its then indebtedness, collected and paid over the sum of $54,306.88, and subsequently made collections of further sums, which it likewise paid over to the committee. Moreover, it advanced to the committee, for the purposes of completion, the additional sum of $17,564.22. If, for the reason that all the creditors had not signed the agreement, that instrument was not operative, then the creditors' committee should not have received the moneys or, having received them, they should have at once returned them. Instead, the creditors' committee accepted the moneys and expended them on behalf of the creditors in completing the sewer construction contract. Not only did the creditors' committee act as an agent for all the then creditors who now have an interest in the fund, but every such creditor, through its own officers or representatives, was itself a member of the committee. Having procured moneys by virtue of an agreement, acknowledging the validity of the assignment and the priority of the bank's claims, present or future, over all claims by them made, they may not now be

heard to say that the agreement was not operative, because not signed by other creditors now having no claims, so that the claims of the bank are subordinate to theirs. We hold that the Peoples National Bank of Elizabeth, New Jersey, must be paid the indebtedness due to it in priority to all the other claimants excepting the Sprague Construction Company and Isaac Rouzee.

The creditors' committee, subsequently to the making of the creditors' agreement, entered into a contract with the defendant Sprague Construction Company to do certain work in connection with the completion of the original contract for sewer construction. The contract recites that the Jacques Construction Company, " had assigned its contract and all moneys due thereunder " to the committee. It provides that the committee will pay the Sprague Construction Company the amount due it " five days after the completion of the work." We think it was the intention of all the creditors who signed the agreement, all of whom had a representative upon the committee, that the moneys received or to be received from the original sewer contract, should constitute a fund, from which all contracts made for labor or materials furnished to the committee should first be satisfied. Surely the bank may not object on the ground that the creditors' agreement provided for prior payments to it, since the Sprague Construction Company, Inc., was not a party thereto. Nor may it object that its assignment entitled it to prior payments, since it has been held that the assignment was never properly filed. Neither may the bank or any other party to the agreement make valid objection, since, if the Sprague Company is not entitled to payment from the fund, it is entitled to payment at the hands of the creditors with whom it contracted. Indeed, strictly speaking, this is not an action to procure distribution under the Lien Law (Cons. Laws, ch. 33). Rather is it an action to distribute according to the agree-

ment of the parties and the equities of the case. Certainly it is equitable that the Sprague Company and Isaac Rouzee, who is in like situation, by whose efforts the final payments will have been secured, should first be paid. We hold that they are so entitled.

The judgment should be modified in accordance with this opinion, and as so modified affirmed, with costs to the appellant, payable out of the fund.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not voting.

Judgment accordingly.