FIRST NATIONAL BANK OF MOUNT VERNON, N. Y., Respondent, v. REISS BROS. and Others, Appellants.— This is an action on a promissory note. Order granting plaintiff's motion for summary judgment and dismissing the affirmative defenses and counterclaim set forth in the defendants' answer, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ.

FIRST NATIONAL BANK OF MOUNT VERNON, N. Y., Respondent, v. JONAS REISS and Others, Appellants, and HERMAN BECKER, Also Known as HYMAN BECKER, Defendant.— Appeal from an order made in a foreclosure action which resettled an order granting a motion made by the plaintiff to discontinue the action. Order affirmed, with ten dollars costs and disbursements, on the appeal by defendant Sadie Reiss. No opinion. Appeal by Jonas Reiss, Jacob Reiss and Jean Reiss, defendants who were not served with process in the action, dismissed. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur.

C. MILTON FOREMAN, Plaintiff, v. LOUIS JACQUES CONSTRUCTION CO., INC., and Village of Freeport, Defendants, Impleaded with PROGRESSIVE CLAY COMPANY, Appellant, and GLOBE INDEMNITY COMPANY, Respondent.— Action to foreclose mechanics' liens. Four years after a judgment had been made and entered, and after it had been affirmed by the Appellate Division [235 App. Div. 494] and modified, and as modified affirmed by the Court of Appeals [261 N. Y. 429], an order was made by the trial court adding a provision at the foot of the judgment, from which order this appeal was taken. Order reversed on the law, with ten dollars costs and disbursements, and respondent's motion denied, with ten dollars costs. In our opinion, the provision added to the judgment affects the substantial rights of the parties, and the trial court was without power to insert it. We have not considered nor do we pass upon the question of *res judicata* incidentally raised in the record and on the argument. We leave that question to be determined on the trial in the action now pending between the Progressive Clay Company and the Globe Indemnity Company. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

MARIE V. GODFREY, Administratrix, etc., of TERRANCE MEEHAN, Deceased, Appellant, v. BROOKLYN CITY RAILROAD COMPANY, Respondent.— Action for damages for the alleged wrongful death of the plaintiff's intestate by reason of the defendant's negligence. Order setting aside a verdict in favor of the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

CARMEN IOSUE, Respondent, v. THE CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries, commenced in December, 1927, and marked off the calendar in 1930 and never restored. On the defendant's motion to dismiss the complaint for lack of prosecution, the plaintiff failed to furnish any plausible excuse for the unreasonable delay. Order granting reargument and on reargument denying motion to dismiss reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Lazansky, P. J., Scudder, Tompkins and Davis, JJ., concur; Johnston, J., dissents and votes to affirm.