In the Matter of the Application of ADELAID LOOMIS, Individually and as Administratrix, etc., of FRANK J. LOOMIS, Deceased, and Another, for an Order to Pay the Amount of a Certain Judgment of the Court of Claims Deposited to the Account of the Award Therein to Be Paid and Distributed to the Persons Entitled to the Same Pursuant to the Order of This Court in Accordance with the Provisions of Section 28 of the Court of Claims Act.

M. ANTOINETTE LOOMIS, Individually and as Executrix, etc., of CHARLES F. LOOMIS, Deceased, Appellant; ADELAID LOOMIS, Individually and as Administratrix, etc., of FRANK J. LOOMIS, Deceased, and ANNA LOOMIS STODDARD, Individually and as Administratrix de Bonis Non, etc., of JUDSON W. LOOMIS, Deceased, Respondents.

Third Department, May 6, 1936.

Melvin & Melvin [*Raymond O. Campbell* of counsel], for M. Antoinette Loomis, individually and as executrix, etc., appellant.

Robert W. Fisher, for Adelaid Loomis, individually and as administratrix, etc., and Anna Loomis Stoddard, individually and as administratrix *de bonis non*, etc., respondents.

HILL, P. J.    This appeal is from an order which makes an allowance of $2,357.67 to the attorney for the respondents and $100 to his client Anna Loomis Stoddard for disbursements from a fund of $4,715.33 deposited in the New York State National Bank, Albany, N. Y., under section 28 of the Court of Claims Act, and which belongs equally to one of the respondents and the appellant.

The source of the fund was an award of $2,004.50 made by the Court of Claims on February 19, 1918, on account of lands appropriated on or about December 1, 1910, by the State of New York for canal purposes.    At the time of the appropriation the lands were owned by Charles F. Loomis and Judson W. Loomis as copartners.    Each of the partners has since died.    Appellant is the widow and sole legatee and devisee under the will of Charles F. Loomis, deceased, and is thus the owner of one-half of the fund. Respondent Anna Loomis Stoddard, as administratrix, etc., is entitled to receive the remaining one-half which had belonged to Judson W. Loomis in his lifetime.    The attorney to whom the allowance was made was retained by this respondent to effect the distribution of the fund as permitted by section 28-a of the Court of Claims Act.    Under his retainer he was to receive one-half of the amount obtained.    The appellant, though invited by the attorney, declined to sign a similar retainer and agreement, but employed the attorneys who appear for her on this appeal.    By an order made at Special Term it was directed that the fund " be disbursed and distributed to the parties entitled thereto as follows, viz.: *First.* That there be paid to the petitioners and their attorney such sum or sums as may be hereafter determined herein as their costs, disbursements and allowances as the court may make, and that thereafter *an equal undivided one-half part of the sum* remaining be paid to " the appellant and a like share to the respondent Anna Loomis Stoddard, as administratrix, etc.    No appeal was taken from this order.    Thereafter the order appealed from was made fixing allowances at the sums earlier indicated herein.    Respondents cite *House* v. *Amsdell Brewing & Malting Company* (133 App. Div. 486).    An allowance was there made to the trustees named as mortgagees in a corporate mortgage for counsel fees and expenses in a special proceeding to ascertain the persons entitled to receive the proceeds of the foreclosure sale.    The mortgage recited that the

proceeds of the sale should be applied as necessary " to the payment of the costs and expenses of such sale or sales, including a reasonable compensation to such trustees, their agents, attorneys and counsel." This trust fund came into the hands of the trustees by agreement. They were responsible for its proper distribution among those persons who held the bonds secured by the mortgage. The fund in the instant case was not a trust fund, and the respondents were not trustees. They were concerned with one-half, the appellant with the other half. The *Amsdell* case is not an authority which sustains the allowance so far as it is payale from appellant's share.

Statutory authority must be found to justify a court in granting either costs or allowances. (*People* v. *Three Barrels Full*, 236 N. Y. 175; *Matter of Low*, 208 id. 25; *Matter of Rapid Transit R. R. Commissioners*, 197 id. 81; *Matter of City of Brooklyn*, 148 id. 107; *Erie & Jersey R. R. Co.* v. *Brown*, 123 App. Div. 655.) Section 28-a of the Court of Claims Act contains no provision as to costs.

This is a special proceeding. (General Construction Law, § 46-a.) Costs in a special proceeding not specially regulated may be awarded to any party in the discretion of the court at the rates allowed for similar services in an action, and in like manner. (Civ. Prac. Act, § 1492: *Little Falls Fibre Co.,* v. *Ford & Son, Inc.,* 223 App. Div. 559; affd., 249 N. Y. 495, 503.)

The order may be sustained as to one-half of the allowance to the attorney, which shall be charged solely upon the share of the respondent Anna Loomis Stoddard. (*Matter of Swartz, Inc.,* v. *City of Utica,* 223 App. Div. 506; affd., 254 N. Y. 555.)

The order should be reversed on the law and facts in so far as the allowance to the attorney and the allowance for disbursements to the respondent Stoddard are charged against the share belonging to the appellant, and the matter should be remitted to the Special Term to fix the costs as against the appellant under the authorities and statutes cited in this opinion.

RHODES, MCNAMEE, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, in so far as the allowance to the attorney and the allowance of disbursements to the respondent are charged against the share belonging to the appellant, and matter remitted to Special Term to fix the costs as against the appellant under the authorities and statutes cited in the opinion.