■ In the Matter of the Estate of JOSEPH LINDER, Deceased. MURRAY LINDER et al., as Executors of JOSEPH LINDER, Deceased, et al., Appellants; EMIL KATZKA, Individually and as Special Guardian for BARBARA A. GROSSMAN,

an Infant, Respondent.— In a proceeding to probate decedent's will, the parties appeal as follows from portions of the decree of the Surrogate's Court, Kings County, made and entered February 5, 1962, approving a compromise agreement among the parties and admitting the will to probate: (a) the executors, Murray Linder and Irving J. Linder, appeal from the sixth decretal paragraph of said decree, which allowed $2,500 to respondent Katzka for his services as special guardian for Barbara Ann Grossman, the decedent's infant granddaughter, and directed the payment of said sum out of the estate; (b) Perry L. Grossman, the decedent's adult grandson and brother of Barbara, appeals from the seventh decretal paragraph of said decree, which allowed $2,000 to the respondent Katzka for attorney's services rendered by him to said Perry, and directed that such allowance be charged against and paid out of Perry's share in the estate. Decree modified on the law and the facts as follows: (1) by striking out the allowance of $2,500 in the sixth decretal paragraph, and by substituting therefor an allowance of $1,500; and (2) by striking out the seventh decretal paragraph, and by substituting therefor two paragraphs: one, denying to the respondent Katzka any allowance for his services to appellant Perry L. Grossman; and another paragraph stating that the denial of such allowance to respondent Katzka in this proceeding is without prejudice to such further action or proceeding by him, as he may be advised, to recover for the attorney's services rendered by him to said Perry L. Grossman. As so modified, the decree, insofar as appealed from, is affirmed, with costs to all parties filing briefs payable out of the estate. The decree was entered upon an order granting the executors' petition for approval of a settlement of the claims of decedent's infant granddaughter. Respondent, her special guardian, submitted a report recommending granting of that petition. The settlement agreement provides for payments in the same amount to her adult brother, appellant Perry L. Grossman, whose interest in the estate is identical. In our opinion, an allowance for legal services payable out of the interest of the adult brother may be properly made only in a proceeding or action brought by the attorney to fix and determine his compensation for services to his alleged client, with appropriate notice to the latter (Surrogate's Ct. Act, § 231-a; Judiciary Law, § 475; see, e.g., *Matter of Regan,* 167 N. Y. 338; *Matter of Fitzsimons,* 174 N. Y. 15; *Matter of Dugan,* 147 Misc. 776). The retainer and compensation of attorneys being a matter of contract, express or implied (Judiciary Law, § 474), it follows that mere benefit resulting from legal services does not justify a fee (*Matter of Loomis,* 273 N. Y. 76; *Matter of Hurewitz,* 174 Misc. 182); and that a proceeding or action of the character mentioned is required in order to give the attorney an opportunity to present his claim and in order to give the alleged client an opportunity to dispute the retainer and the value of the services. From the record before us it would appear that respondent ignored all such procedural requirements. We further find that the compensation awarded to respondent for services as Special Guardian for Barbara Ann Grossman is excessive. Although all the services rendered appear to have been necessary and proper, we find under all the circumstances that $1,500 is adequate compensation. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.