■ HARRY I. PHILLIPS et al., Individually and as Stockholders, Officers and Directors of K.P.B. CONSTRUCTION CORP. and Others, on Behalf of Themselves and Others Similarly Situated, et al., Respondents, v. BERNARD BLASEN-HEIM et al., Appellants. MARJEFF REALTY CORP. et al., Respondents, v. BAR-

DONIA CONSTRUCTION CORP. et al., Appellants.— Appeal from an order of the Supreme Court, dated June 26, 1968, made in Westchester County and entered in Rockland County, which granted plaintiffs' motion for an additional allowance of $3,000 in each of the two actions herein. Order reversed, on the law, with $10 costs and disbursements; and motion denied, with leave to renew in accordance with the views stated herein. The findings of fact below have not been affirmed. Under the terms of the interlocutory judgment, defendants were ordered to effect retransfers of certain realty. The judgment further directed accountings by virtually all the parties as to the complex transactions involved. An award of additional allowances pursuant to CPLR 8303 (subd. [a], par. 2) was improper under these circumstances and should have awaited the final resolution of all the issues between the parties (*Clarke* v. *Gilmore,* 149 App. Div. 445, 451). Unlike cases such as *Maggi* v. *Sabatini* (250 N. Y. 296), we may not treat the interlocutory judgment as final as to certain items. The accounting which remains relates to the very same properties involved in the transfers and not to other unrelated issues. Further, there remains the possibility that the accountings will demonstrate equities in favor of defendants which may militate against the discretionary award of additional allowances to plaintiffs. The motion for the award of additional allowances pursuant to CPLR 8303 should have been made before the court in Rockland County as " The court before which the trial was had " and " in which judgment was entered ", rather than in Westchester County. The specific provision of CPLR 8303 would dominate over the more general one set forth in CPLR 2212 (subd. [a]) which permits motions on notice to be made in an adjoining county (see 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2212.04, p. 22-26). In any event, such a motion should be passed upon, in the first instance, by the trier of the facts, in this case, the referee (cf. *Bent Steel Co.* v. *Western Elec. Co.,* 274 App. Div. 888). This is of particular importance when, as here, the Referee in making his determination denied costs to both sides. We observe that it was improper to make two awards of additional allowances to plaintiffs. Although the caption indicates that these are two separate actions, the hearing had herein was held pursuant to a stipulation which, in effect, allowed the Referee to decide all the outstanding issues between the parties without regard to the form of the pleadings. Hopkins, P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.