■ ANGELA TUCKER et al., Individually and on Behalf of All Others Similarly Situated, et al., Respondents, v PHILIP L. TOIA, Individually and as Commissioner of the New York State Department of Social Services, Appellant.—Order and judgment reversed, without costs, and motion denied. Memorandum: We reverse the order and judgment of Special Term awarding plaintiffs an extra allowance of $3,000 for attorney's fees under CPLR 8303 (subd [a], par 2). The general rule with respect to attorneys' fees is that such fees are normally a nonrecoverable item *(Piaget Watch Corp. v Audemars Piguet & Co.,* 35 AD2d 920) and that in the absence of contractual or statutory liability, attorneys' fees and expenses incurred in litigating a claim, aside from the usual court costs, are not recoverable as an item of

damages *(City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *Klein v Sharp,* 41 AD2d 926).* Absent the existence of express authority for their recovery, as here, attorneys' fees should not be awarded under the guise of an additional allowance pursuant to CPLR 8303 (subd [a], par 2). All concur, except Cardamone, J., who dissents and votes to affirm the order and judgment in the following Memorandum: CPLR 8303 (subd [a], par 2) provides for a discretionary allowance "to any party to a difficult or extraordinary case, where a defense has been interposed" limited to "a sum not exceeding five per cent of the sum recovered or claimed, or of the value of the subject matter involved, and not exceeding the sum of three thousand dollars". The trial court awarded respondents herein $3,000 as an allowance finding that this was a most difficult legal proceeding since it involved a new question of interpretation of the Constitution of the State of New York and that such a novel issue required an extraordinary and unusual amount of time and preparation. Respondents prevailed in their declaratory judgment action (see *Tucker v Toia,* 43 NY2d 1, affd 89 Misc 2d 116). Where no damages are claimed or recovered, as is the case in this declaratory judgment action, it is appropriate for the allowance to be based upon "the value of the subject matter involved" (CPLR 8303, subd [a], par 2; *Kremer v New York Air Terms.,* 235 App Div 796, affd 260 NY 552; *Little Falls Fibre Co. v Ford & Son,* 223 App Div 559, affd 249 NY 495). The affidavit permitted in support of the application (8 Weinstein-Korn-Miller, NY Civ Prac, par 8303.11) properly demonstrates that " 'the value of the subject matter involved' " considered on an ongoing basis totaled many millions of dollars. Since the Special Term that granted this allowance was the court before which the trial was had *(Phillips v Blasenheim,* 32 AD2d 660) and the granting of such an allowance rests in the sound discretion of that court *(Abbott v Paige Airways,* 23 NY2d 502, 515; *Northern Structures v Union Bank,* 57 AD2d 360, 369, mot for lv to app granted 43 NY2d 646), the award was properly made and there is no basis to conclude that Special Term abused its discretion. Accordingly, in my view Special Term was justified in awarding an allowance of $3,000. (Appeal from order and judgment of Monroe Supreme Court—extraordinary costs.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ. [89 Misc 2d 116.]