OPINION OF THE COURT
Louis B. York, J.
The plaintiff moves for summary judgment alleging that he rendered legal services to the defendant at the latter’s instance and request and the defendant failed to pay $20,000 as fair compensation for these services. The plaintiff asserts that the, "[ajnswer concedes that the plaintiff in fact performed the work, labor and services involved” and "[i]n fact, in four separate places in said Answer the defendant even admits that he 'offered to pay’ me for said services, but avers that only the amount thereof is in dispute.” The plaintiff alleges that the legal services rendered are "substantial, and indeed remarkable.”
*629 The plaintiff also moves to dismiss the defenses and counterclaims. The answer generally denies the allegations of the complaint and the opposing affidavit specifically denies plaintiff’s allegations that defendant requested legal services. Defendant does not deny that legal services were in fact rendered on his behalf. The defendant, "verily believed plaintiff was performing as a friend whom I have known for approximately fifteen years and not as retained counsel.” There is no retainer agreement.
The counterclaim alleges mental and emotional distress as a result of the defendant receiving demands for payment from the plaintiff.
STANDARDS TO APPLY IN A MOTION FOR SUMMARY JUDGMENT
In a motion for summary judgment, "the court should draw all reasonable inferences in favor of the nonmoving party (Robinson v Strong Mem. Hosp., 98 AD2d 976) and should not pass on issues of credibility (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338)” (Pantote Big Alpha Foods v Schefman, 121 AD2d 295, 297 [1st Dept 1987]). In Gibson v American Export Isbrandtsen Lines (125 AD2d 65, 74 [1st Dept 1987]), the court stated "the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue (Moskowitz v Garlock, 23 AD2d 943, 944) or where the issue is even arguable (Barrett v Jacobs, 255 NY 520, 522), since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists (see, Werfel v Zivnostenska Banka, 287 NY 91).”
In order to defeat a motion for summary judgment, the opposing party must lay bare his evidentiary proof. Bald conclusory allegations, even if believable, are insufficient to defeat such a motion. (See, Kramer v Harris, 9 AD2d 282, 283 [1st Dept 1959].)
Although the plaintiff claims that the defendant "admits” to securing plaintiff’s legal services, the court in reviewing the verified answer of the defendant finds no such admission. The defendant in his answer does not state that he "offered to pay plaintiff on the basis of quantum meruit” and that he "requested a copy of a written retainer agreement, time sheets, plaintiff’s hourly compensation and other documentation in support of the fees claimed due”. The answer is inartistic, but it reveals only negotiated offers to settle and the letters *630 attached to the plaintiffs moving papers received from the defendant, again only indicate negotiations to settle the matter, i.e., "defendant offered to pay” and "I encourage you to settle this claim”. For a discourse as to the general inadmissibility of settlement negotiations into evidence, see 57 NY Jur 2d, Evidence and Witnesses, § 302 et seq.
issue: does receipt of legal services alone create LIABILITY FOR PAYMENT OF THOSE SERVICES?
The seminal case of Matter of Loomis (247 App Div 411 [3d Dept 1936]) holds that receipt of legal services provided by an attorney does not, a fortiori, make the recipient of those services liable for payment. The defendant’s answer and his letters to the plaintiff do indicate receipt of legal services, but the receipt of legal services alone is not tantamount to an admission of liability. (Matter of Loomis, supra.)
It appears that no court has squarely decided the issue of whether or not unjust enrichment lies in a cause of action based on the recovery of legal fees. The court in Bradkin v Leverton (26 NY2d 192, 196 [1970]) states that, "a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved. The law creates it, regardless of the intention of the parties, to assure a just and equitable result.”
Although the Civil Court does not have general equitable powers (European-American Banking Corp. v Chock Full O'Nuts Corp., 109 Misc 2d 615 [App Term, 1st Dept 1981]), an action for unjust enrichment involving only money damages is within the jurisdiction of the court. (See, Fiona Press v Hewig & Marvic, 122 Misc 2d 680 [Civ Ct, NY County 1984].) The development of the relevant case law, however, clearly leads to the inescapable conclusion that unjust enrichment cannot be maintained in suits for the recovery of legal fees because, converse to maintaining the action in the absence of agreement or expression of assent by word or act in Bradkin v Leverton (supra), there is a requirement for (1) an implied or express contract for services (see, Judiciary Law § 474; Kiser v Bailey, 92 Misc 2d 435 [Civ Ct, NY County, Dec. 5, 1977]) and (2) that there is no basis for the recipient to believe that the services were being gratuitously rendered. (Cf., Bradkin v Leverton, supra; see, Smith v Legg, 15 AD2d 15 [4th Dept 1961].)
*631 The affidavit in opposition clearly states, "[i]n truth and in fact, plaintiff was not retained to represent your affiant in regard to the subject matter set forth in his complaint”, and the "plaintiff was performing [his services] as a friend”.
The court in Ackermann v Levine (788 F2d 830, 843-844 [2d Cir 1986]) stated, "We hold that the applicable theory of public policy requires that recovery of attorneys fees be predicated on evidence of, at a minimum, (1) the existence of some authorization by the client for the attorney to perform the work allegedly performed, see, e.g., Knapp v. McFarland, 457 F.2d 881, 886, 888-89 (2d Cir.), cert, denied, 409 U.S. 850, 93 S.Ct. 59, 34 L.Ed.2d 92 (1972) (construing New York law); Matter of Loomis, 273 N.Y. 76, 6 N.E.2d 103 (1937); Matter of Linder’s Estate, 17 A.D.2d 949, 234 N.Y.S.2d 53 (2d Dep’t 1962); and (2) the very existence of that work, see, e.g., Newman v. Silver, 553 F.Supp. 485, 497 (S.D.N.Y. 1982), modified on other grounds, 713 F.2d 14 (2d Cir. 1983) (construing New York law). These evidentiary predicates, we hold, constitute the sine qua non of a client’s liability for legal fees. Without these predicates, there is a grave risk that American courts could become the means of enforcing unconscionable attorney fee awards, thereby endangering 'public confidence’ in the administration of the law and a 'sense of security for individual rights ... of private property.’ Somportex, 453 F.2d at 443.”
Both parties have known each other socially and professionally for 15 years. The defendant insists he did not request, either explicitly or implicitly, legal services, but in any event, the services provided were gratuitous. The court may not determine the credibility of the parties (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338 [1974], supra), which it must do in this matter in order to determine the intent of the parties and whether or not there was an expectation that services rendered were gratuitous and therefore as a matter of law the court is precluded from determining the issue of liability. (Cf., Smith v Legg, supra; Ackermann v Levine, supra.)
defendant’s counterclaim
The defendant’s counterclaim alleging mental and emotional distress due to plaintiffs demand for payment is simply not adequate to show a " 'deliberate and malicious campaign of harassment or intimidation’ ”. (See, Roberts v Pollack, 92 AD2d 440, 447-448 [1st Dept 1983].)
*632 CONCLUSION
Based on the foregoing, the court denies the plaintiffs motion for summary judgment. There are enough facts alleged in the opposing affidavit to raise questions of fact in regard to liability. The court grants plaintiffs motion to dismiss the defendant’s counterclaim because no facts were alleged to show acts constituting this cause of action.